J-A24045-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM TARDELLA, | : | |
| | : | |
| Appellant | : | No. 546 EDA 2015 |

Appeal from the Judgment of Sentence Entered December 12, 2014,
in the Court of Common Pleas of Pike County,
Criminal Division at No.: CP-52-CR-0000236-2014

BEFORE: PANELLA, WECHT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED SEPTEMBER 11, 2015**

William Tardella (Appellant) appeals from the judgment of sentence imposed after he pled guilty to numerous counts of distribution of child pornography and possession of child pornography. We affirm.

Appellant was charged with 30 counts of distribution of child pornography, 300 counts of possession of child pornography, and 1 count of criminal use of a communication facility as a result of an Internet investigation conducted by the Pennsylvania Office of Attorney General to identify those possessing and sharing child pornography. On August 28, 2014, Appellant pled guilty to counts 1-15, relating to distribution of child pornography, and counts 151-300, relating to possession of child pornography; the remaining counts were dismissed. The factual basis of the plea to the counts of distribution of child pornography was as follows:

_____

* Retired Senior Judge assigned to the Superior Court.

Between the dates of December 11, 2013 and March 4, 2014, [Appellant] was in possession of 15 videos and/or images depicting children under 13 years of age in a state of nudity and/or engaging in sexual activity, that was distributed to an agent of the Pennsylvania Office of Attorney General via the eDonkey2000 peer to peer network.

Guilty Plea Colloquy, 8/28/2014, at 4. The factual basis of the plea to the counts of possession of child pornography was that Appellant possessed "150 videos and/or images depicting children under 13 years of age in a state of nudity and/or engaging in sexual activity." *Id.* at 5.

On December 12, 2014, Appellant was sentenced to an aggregate term of 3 to 10 years of incarceration.[1] Appellant timely filed a

---

[1] The breakdown of Appellant's sentence is as follows:

On counts 1 through 4, [Appellant is to] be incarcerated in a state correctional facility for a period of not less than six (6) months nor more than twenty (20) months to be served consecutive to one another.

On counts 5 and 6[, Appellant is to] be incarcerated in a state correctional facility for a period of not less than six (6) months nor more than twenty (20) months to be served consecutive to one another and consecutive to the sentence imposed on counts 1 through 4.

On counts 7 through 15[, Appellant is to] be incarcerated in a state correctional facility for a period of not less than six (6) months nor more than twenty (20) months to be served concurrent to one another and to the sentences imposed on counts 1 through 6.

On counts 151 through 300[, Appellant is to] be incarcerated in a state correctional facility for a period of not less than six (6) months nor more than twenty (20) months to be served concurrent to one another and to the sentences imposed on counts 1 through 15….

post-sentence motion, which was denied on January 30, 2015. Appellant then timely filed a notice of appeal. The trial court directed Appellant to comply with Pa.R.A.P. 1925(b), and Appellant filed a 1925(b) statement. The trial court subsequently issued an opinion pursuant to Pa.R.A.P. 1925(a).

On appeal, Appellant challenges the discretionary aspects of his sentence.

It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal.

> Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code…. [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

***Commonwealth v. Disalvo***, 70 A.3d 900, 902 (Pa. Super. 2013) (citations omitted).

Appellant timely filed a notice of appeal; he preserved his issue in his post-sentence motion; and his brief contains a Pa.R.A.P. 2119(f) statement.

---

Order, 12/12/2014, at 1-3 (unnecessary capitalization omitted).

Thus, we must determine whether Appellant has raised a substantial question worthy of appellate review.

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Disalvo*, 70 A.3d at 903 (quoting *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013)).

Appellant essentially alleges that the trial court's decision to impose certain sentences consecutively resulted in an unreasonable aggregate sentence in light of the mitigating factors he presented at sentencing.

> Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question. In fact, this Court has recognized the imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment. That is[,] in our view, the key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013) (citations and quotation marks omitted).

- 4 -

Here, Appellant received an aggregate sentence of 3 to 10 years of incarceration for possessing 150 videos and/or images depicting child pornography and distributing 15 of such videos and/or images. Significantly, Appellant received consecutive sentences on only 6 of the 165 counts to which he pled guilty. In light of Appellant's criminal conduct, we cannot conclude that the consecutive nature of Appellant's sentences raises his aggregate sentence to a facially-excessive level. Thus, Appellant has failed to present a substantial question.[2] **See Austin**, 66 A.3d at 809 (concluding that the appellant's challenge to the discretionary aspects of his sentence did not raise a substantial question where the appellant's aggregate sentence was 35 to 70 years of incarceration, included consecutive sentences on 47 of 96 counts of possession of child pornography, and stemmed from appellant's possession of 96 images stored on the appellant's computer and flash drives).

Based on the foregoing, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

---

[2] Further, this Court has held that an "assertion of abuse of discretion for imposing consecutive sentences without properly considering mitigating factors fails to present a substantial question." **Commonwealth v. Johnson**, 961 A.2d 877, 880 (Pa. Super. 2008).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/11/2015