# COMMONWEALTH of Pennsylvania, Appellee

v.

## Cristino DISALVO, Appellant.

Superior Court of Pennsylvania.

Submitted May 28, 2013.

Filed July 12, 2013.

---

Kathryn E. Bellfy, Public Defender, Williamsport, for appellant.

Eric R. Linhardt, District Attorney, Williamsport, for Commonwealth, appellee.

BEFORE: BOWES, J., WECHT, J., and PLATT, J.*

OPINION BY PLATT, J.

Appellant, Cristino Disalvo, appeals from the order entered in the Lycoming County Court of Common Pleas re-imposing his sentence of confinement following his conviction for the summary offense of

---

* Retired Senior Judge assigned to the Superior Court.

driving while his operator's license was under suspension (DUS).[1] We affirm.

On August 4, 2012, Old Lycoming Township Police Officer Robert Cochran stopped Appellant's vehicle because its right rear taillight was not operating properly. Officer Cochran issued Appellant a citation after learning that his license was suspended.[2]

On September 5, 2012, a magisterial district judge convicted Appellant of DUS following a summary trial. Because Appellant had three prior DUS convictions, the judge sentenced him to a term of thirty days' incarceration in county prison, with eligibility for electronic monitoring after the first five days of the term.[3] On September 14, 2012, Appellant filed a notice of appeal in the Lycoming County Court of Common Pleas.

On October 29, 2012, the trial court held a summary appeal hearing at which Appellant admitted to the DUS offense and the only issue addressed was the sentence. On that same date, the court issued its order denying Appellant's request for a fine only and re-imposing the original sentence of thirty days' incarceration, modifying the sentence to provide for electronic monitoring eligibility during the entire thirty-day term. This timely appeal followed.[4]

On appeal, Appellant raises the following single issue for our review:

"[w]hether the trial court abused its discretion by issuing a sentence that is manifestly excessive[?]" (Appellant's Brief, at 4). As an initial matter, we note that Appellant's issue challenges the discretionary aspects of his sentence. "It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal." *Commonwealth v. Austin*, 66 A.3d 798, 807–08 (Pa.Super.2013) (citation omitted).

> Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [*see* Pa.R.A.P. 2119(f) ]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Id.* (citation omitted).

Here, Appellant filed a timely notice of appeal, and preserved his claim that his sentence of confinement is excessive in the trial court, (*see* N.T. Summary Appeal Hearing, 10/29/12, at 4–5).[5] He has also

---

1. 75 Pa.C.S.A. § 1543(a).

2. The reason for Appellant's license suspension is not evident from the record. It appears that this suspension was not DUI-related. (*See* Trial Court Opinion, 1/08/13, at 1).

3. Section 6503 of the Vehicle Code provides for enhanced penalties for repeat DUS offenders and specifies that a second or subsequent offender, like Appellant, be sentenced to a fine or to "imprisonment for not more than six months, or both[.]" 75 Pa.C.S.A. § 6503(a).

4. Appellant timely filed a Rule 1925(b) statement of errors on December 13, 2012, and the trial court filed a Rule 1925(a) opinion on January 8, 2013. *See* Pa.R.A.P. 1925.

5. We note that Appellant could not challenge his sentence in post-sentence motions because, "pursuant to Pa.R.Crim.P. 720(D), a defendant in a summary appeal case is not permitted to file post-sentence motions." *Commonwealth v. Dixon*, 66 A.3d 794, 797 (Pa.Super.2013).

included in his appellate brief a separate Rule 2119(f) statement. Therefore, we proceed to determine whether Appellant has presented a substantial question that his sentence is not appropriate under the Sentencing Code. *See Austin, supra* at 807–08.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Griffin,* 65 A.3d 932, 935 (Pa.Super.2013) (citations and quotation marks omitted).

Appellant, in his Rule 2119(f) statement, claims that the trial court imposed a manifestly excessive sentence of confinement "given the circumstances that led to the offense[.]" (Appellant's Brief, at 7). He develops this claim in the Argument section of his brief, asserting that the sentence is excessive because the court failed to consider certain mitigating factors, specifically, that when he was cited for DUS, he "was driving for a medical reason as his partner was in serious need of Coumadin[,]" and "[he] was pulled over simply for a taillight not working." (*Id.* at 9).

▆▆▆ "[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Downing,* 990 A.2d 788, 794 (Pa.Super.2010) (citation omitted). Accordingly, we conclude Appellant's argument that the trial court failed to give adequate weight to mitigating factors does not present a substantial question appropriate for our review. *See Id.; see also Commonwealth v. Kraft,* 737

A.2d 755, 757 (Pa.Super.1999), *appeal denied,* 560 Pa. 742, 747 A.2d 366 (1999) (determining appellant's claim that sentence of incarceration for DUS violation was excessive because sentencing court failed to adequately consider certain mitigating factors did not raise substantial question).

▆▆▆ Moreover, even if we were to determine that Appellant's claim did raise a substantial question, we would find no merit to his underlying allegation. Our standard of review of a sentencing challenge is well-settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Glass,* 50 A.3d 720, 727 (Pa.Super.2012), *appeal denied,* —— Pa. ——, 63 A.3d 774 (2013) (citation omitted).

▆▆▆ As noted above, section 6503 of the Vehicle Code expressly authorizes sentences of imprisonment of up to six months for second or subsequent DUS offenders, like Appellant. *See* 75 Pa.C.S.A. § 6503(a). The trial court explained its rationale for imposing Appellant's thirty-day sentence of confinement (with electronic monitoring eligibility for the entire term) in its Rule 1925(a) opinion:

The [c]ourt found from [Appellant's] history of repeated violations that resulted in monetary fines were not deterring [him] from continuing to drive without a license. The [c]ourt also took into account that [Appellant's] vehicle was not

in suitable condition to drive and that [he] appears to have no concern for the [ ] Vehicle Code. As the [c]ourt stated on the record [at the summary appeal hearing]:

> [M]y major problem with this is that the other times that you drove without a license and you got a fine it didn't dissuade you from driving again and again and again. I don't think that the jail time is out of line. What I will do is I'll make you eligible for it entirely on the electronic monitoring program, but I think to only sentence you to a fine depreciates the seriousness of how many times you've been driving under suspension.... [and] sends the wrong message that it's no big deal[.]

Finally, the [c]ourt also considered the reason why [Appellant] was driving, which was to get medication for his partner, and found that there were multiple alternatives to driving, such as a pharmacy that delivers.

(Trial Ct. Op., 1/08/13, at 3) (record citation omitted).

Based on this record, we would conclude that the trial court was aware of and gave due consideration to any mitigating factors, and did not abuse its discretion in formulating its sentence of confinement for Appellant's fourth DUS conviction. *See Glass, supra* at 727. Accordingly, we affirm the order entered by the trial court.

Order affirmed.