J-A08044-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JEFFERY ALLEN MESSNER, | : | |
| | : | |
| Appellant | : | No. 1461 MDA 2014 |

Appeal from the Judgment of Sentence Entered August 1, 2014
in the Court of Common Pleas of Lancaster County,
Criminal Division, at No(s): CP-36-CR-0000747-2010 and
CP-36-CR-0001222-2010

BEFORE:    SHOGAN, WECHT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED APRIL 10, 2015**

Jeffery Allen Messner (Appellant) appeals from a judgment of sentence entered after the trial court revoked his probation.[1]  We affirm.

Given the manner in which we dispose of this appeal, we need only briefly summarize the background underlying the matter.  On May 14, 2014, the trial court revoked Appellant's probation.  The court sentenced Appellant on August 1, 2014.  Appellant timely filed a motion to modify his sentence wherein he generically claimed that his sentence "was an abuse of the [c]ourt's discretion" and asked the court to lessen his sentence.  Motion to Modify Sentence, 8/11/2014, at ¶ 6.  The trial court denied the motion.

---

[1] Throughout the certified record and related documents, Appellant's first name is spelled as both "Jeffery" and "Jeffrey."

*Retired Senior Judge assigned to the Superior Court.

Appellant timely filed a notice of appeal. Appellant and the trial court complied with Pa.R.A.P. 1925.

In his brief to this Court, Appellant asks us to consider one question, namely, "Was a sentence of four to eight years [of] incarceration for a probation violation manifestly excessive as to constitute too severe a punishment and contrary to the fundamental norms underlying the sentencing process?" Appellant's Brief at 4. This issue challenges the discretionary aspects of Appellant's sentence.

> It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal.
>
> Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

***Commonwealth v. Disalvo***, 70 A.3d 900, 902 (Pa. Super. 2013) (citations omitted).

Appellant timely filed his appeal, and his brief contains a concise statement of reasons relied upon for allowance of appeal. In that statement, Appellant claims that "[i]n imposing a sentence of four to eight years [of] incarceration, the court violated the provisions of 42 Pa.C.S. § 9721, and

- 2 -

failed to consider [Appellant's] strong need for inpatient rehabilitation and mental health treatment." Appellant's Brief at 9. In other words, Appellant contends that his sentence is excessive because the trial court failed to consider his rehabilitative needs.

In order to have preserved this issue for appellate review, Appellant had to raise it in his post-sentence motion or in an objection at the sentencing hearing. **See Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013) ("Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed."). Appellant did not object to his sentence during the sentencing hearing. Moreover, while Appellant did file a post-sentence motion to modify his sentence, his motion made no mention of the trial court failing to consider his rehabilitative needs. Consequently, Appellant waived his sole appellate issue.[2] For this reason, we affirm the judgment of sentence.

Judgement of sentence affirmed.

---

[2] Even if Appellant had preserved this claim and the claim presented a substantial question worthy of appellate review, Appellant would not be entitled to relief. The record clearly indicates that the trial court considered Appellant's rehabilitative needs in fashioning his sentence. N.T., 8/1/2004, at 12-17.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/10/2015