J-S74034-14

2015 PA Super 69

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DARNELL FLOWERS, | : | |
| | : | |
| Appellant | : | No. 1329 EDA 2014 |

Appeal from the Judgment of Sentence Entered March 21, 2014
in the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0000061-2012

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DARNELL FLOWERS, | : | |
| | : | |
| Appellant | : | No. 1330 EDA 2014 |

Appeal from the Judgment of Sentence Entered March 21, 2014
in the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0004340-2012

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DARNELL FLOWERS, | : | |
| | : | |
| Appellant | : | No. 1331 EDA 2014 |

Appeal from the Judgment of Sentence Entered March 21, 2014
in the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0007596-2011

J-S74034-14

BEFORE: BENDER, P.J.E., DONOHUE and STRASSBURGER,[*] JJ.

DISSENTING OPINION BY STRASSBURGER, J.:       **FILED APRIL 10, 2015**

I respectfully dissent.

The Majority concludes that, when direct appeal counsel has sought to withdraw his or her representation and has met the technical requirements of **Anders** and **Santiago**, this Court is required to review the entire certified record to determine whether any non-frivolous issues exist. I acknowledge that the Majority has offered a reasonable interpretation of case law in reaching this conclusion.

However, in my view, the Majority's conclusion is not required by our Supreme Court's decisions. The **Santiago** Court explicitly declined to address this Court's role in the **Anders** process. 978 A.2d at 355 n.5. Indeed, **Santiago**'s additional burdens upon **Anders** counsel to demonstrate to this Court that he or she has thoroughly reviewed the record and researched the relevant authorities seems utterly unwarranted if this Court is to ignore counsel's representations and, instead, scour the record itself in search of any issues of arguable merit.

Furthermore, in addition to the case law relied upon by the Majority, this Court has published binding precedent which indicates that, when counsel has complied with **Anders**, rather than searching the entire record

---

[*] Retired Senior Judge assigned to the Superior Court.

- 2 -

to determine whether any non-frivolous issues exist, this Court must determine only whether the issues presented in an *Anders* brief are wholly frivolous.   **See**, **e.g.**, **Commonwealth v. Martuscelli**, 54 A.3d 940, 947 (Pa. Super. 2012) ("We, therefore, turn to the issue presented in counsel's *Anders* brief to make an independent judgment as to whether the appeal is, in fact, wholly frivolous."); **Commonwealth v. Garang**, 9 A.3d 237, 240-41 (Pa. Super. 2010) ("As counsel has complied with all of the requirements set forth above, we now proceed to an independent review of the record and the issues counsel stated arguably support an appeal."); **Commonwealth v. Daniels**, 999 A.2d 590, 594 (Pa. Super. 2010) ("As counsel has complied with all of the requirements set forth above, we now turn to the issues counsel stated arguably support an appeal."); **see also** **Commonwealth v. Nischan**, 928 A.2d 349, 353-54 (Pa. Super. 2007) ("If this Court receives a petition to withdraw and a brief, both submitted in accord with **Anders**, and if we are satisfied that counsel has complied with the three technical **Anders** requirements, we will then undertake our own independent examination of the issues raised in the **Anders** brief and in any *pro se* brief to determine whether we agree with counsel's assessment that the appeal before us is frivolous.").

In my view, the approach this Court has taken in cases such as **Martuscelli** properly comports with the constitutional protections addressed in **Anders**.   Furthermore, I am concerned that the approach advocated by

- 3 -

the Majority provides protections that ultimately may run afoul of

constitutional principles. In this regard, I share the following view expressed

by Judge Colville in an unpublished concurring memorandum:

> This Court is an error-correcting court. Save for a very limited number of exceptions, the Court cannot raise issues *sua sponte*, and it does not act as an appellant's counsel. **See Commonwealth v. McKenna**, 383 A.2d 174, 180 (Pa. 1978) ("Implicit in this concept is another cardinal rule of appellate jurisprudence in this state, viz., an appellate court is not to raise *sua sponte* issues which it perceives in the record where, as here those issues are not presented at the appeal level."). In my opinion, **Anders** situations do not constitute exceptions to this cardinal rule.
>
> When indigent criminal defendants' appellate counsel do not seek to withdraw but instead file advocates' briefs, this Court obviously does not search the record in order to determine whether counsel could have raised any non-frivolous arguments. It strikes me as fundamentally unfair (and potentially contrary to concepts of due process and equal protection) to such defendants that we would provide similarly[-]situated criminal defendants whose appellate counsel do seek to withdraw with extra protections. Indeed, the purpose of **Anders** is to provide equal, not extra, representation to indigent defendants, regardless of their counsel's assessment of the merits of their appeals.

**Commonwealth v. Washington**, 29 A.3d 846 (Pa. Super. 2011) (Colville,

J., concurring, unpublished memorandum at 5-6).[1]

For these reasons, until cases such as **Martuscelli** are explicitly

overruled, when counsel meets the requirements of **Anders**, I will review

---

[1] Conversely, this Majority's approach would appear to deprive defendants whose counsel withdrew pursuant to **Anders** of the opportunity to litigate a PCRA claim against **Anders** counsel, as this Court's determination that there were absolutely no non-frivolous issues counsel could have raised on direct appeal will be the law of the case.

the record in order to determine whether the issues raised in the **Anders** brief are wholly frivolous. Here, I believe that counsel has substantially complied with **Anders** and **Santiago**.[2] I, therefore, will undertake a review of the appeal to determine whether it is wholly frivolous.

**Anders** counsel presents one issue which may arguably support this appeal, namely, "Did the trial court abuse its discretion when it imposed an aggregate sentence of 23 to 46 months of total confinement to be followed by four years of probation with respect to Appellant's conviction of three counts of retail theft?" **Anders** Brief at 5 (unnecessary capitalization omitted). This issue challenges the discretionary aspects of Appellant's sentence.

> It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal.

> Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under

---

[2] In my view, the absence of the guilty plea transcript from the certified record has no bearing on a determination as to whether counsel fulfilled his duty to review the entire record for non-frivolous issues. As the Majority notes, Appellant requested transcripts for that proceeding. That those transcripts are not in the record does not mean they do not exist or that counsel did not review them. Furthermore, the absence of those transcripts is immaterial to a review of the only issue I believe is before the Court, *i.e.*, the sentencing issue.

the sentencing code.... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

***Commonwealth v. Disalvo***, 70 A.3d 900, 902 (Pa. Super. 2013) (citations omitted).

Appellant timely filed a notice of appeal; he preserved his issue in his post-sentence motion for reconsideration of sentence; and the ***Anders*** brief contains a concise statement of the reasons relied upon for allowance of appeal. I, therefore, will examine whether the issue raises a substantial question worthy of appellate review.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. …

***Commonwealth v. Hyland***, 875 A.2d 1175, 1183 (Pa. Super. 2005) (citations omitted).

The crux of Appellant's claim in his post-sentence motion, and of the issue that counsel believes may arguably support this appeal, is that the consecutive nature of Appellant's sentences, coupled with the trial court's failure to consider adequately the mitigating factors presented at the sentencing hearing, renders his aggregate term of imprisonment harsh and excessive.

We initially observe that "this Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." ***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa. Super. 2013) (citation and quotation marks omitted). This Court also has stated,

> Under 42 Pa.C.S.[] § 9721, the [trial] court has discretion to impose sentences consecutively or concurrently and, ordinarily, a challenge to this exercise of discretion does not raise a substantial question. The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.

***Commonwealth v. Moury***, 992 A.2d 162, 171-72 (Pa. Super. 2010) (citations omitted).

Here, Appellant pled guilty to stealing $295.64 of merchandise from Walmart on September 19, 2011, to stealing $242.87 of merchandise from WaWa on December 22, 2011, and to stealing $326.00 of merchandise from Home Depot on May 31, 2012. For these convictions, Appellant received an aggregate term of 23 to 46 months in prison followed by four years of probation. Given the relatively minor and apparently non-violent nature of Appellant's criminal conduct, such a sentence arguably appears to be excessive on its face. ***See Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014) ("We are mindful that the key to resolving the preliminary substantial question inquiry is whether the decision to sentence

consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case.") (citation and quotation marks omitted). Thus, out of an abundance of caution, I will review on its merits whether the trial court's decision to sentence Appellant consecutively resulted in an abuse of discretion.

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. ... [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.
>
> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

*Moury*, 992 A.2d at 169-70 (citation omitted).

A review of the sentencing transcript reveals that the trial court carefully considered how to fashion Appellant's sentence. After stating that it considered, *inter alia*, Appellant's PSI report, the court discussed several mitigating factors it evaluated in determining its sentence, including the recent death of Appellant's girlfriend. The court, however, also detailed Appellant's lengthy criminal history, which includes crimes such as robbery

and dates back to when Appellant was a minor.[3]   After weighing such factors, the court decided, as to the individual convictions, to sentence Appellant in the standard range.[4]   The court also determined that, under these circumstances, consecutive sentences were appropriate.

After a review of the record, I cannot conclude that the trial court exercised manifestly unreasonable judgment in sentencing Appellant, nor can I conclude that Appellant's sentence was the result of partiality, prejudice, bias, or ill will.  Consequently, Appellant cannot establish that the court abused its discretion in sentencing him.

For these reasons, I agree with counsel that this appeal is wholly frivolous.  Accordingly, I would affirm the judgment of sentence and grant counsel's petition to withdraw.

---

[3] According to the record, Appellant was born in 1969.

[4] As a result of his prior convictions, Appellant's prior record score was that of Repeat Felony 1 and Felony 2 Offender, "RFel."  N.T., 3/21/2014, at 5; 42 Pa.C.S. § 303.4(a)(2).  Thus, although the offense gravity score applicable to his retail theft offenses was only two, the standard range of the sentencing guidelines was six months but not more than 12 months in prison, three months in prison in the mitigated range, and 15 months imprisonment in the aggravated range.  *Id.*  At the sentencing hearing, Appellant's counsel agreed with the calculation of the guidelines.  N.T., 3/21/2014, at 5.