J-S22027-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :     IN THE SUPERIOR COURT OF
                                :            PENNSYLVANIA
               Appellee       :
                                  :
                 v.           :
                                  :
JEREMY R. CULP,                 :
                                  :
             Appellant     :     No. 1652 WDA 2014

Appeal from the Judgment of Sentence Entered August 24, 2014,
in the Court of Common Pleas of Blair County,
Criminal Division at No(s): CP-07-CR-0000396-2011,
CP-07-CR-0001960-2010

BEFORE:  PANELLA, LAZARUS, and STRASSBURGER,* JJ.

CONCURRING MEMORANDUM BY STRASSBURGER, J.:**FILED JUNE 02, 2015**

I concur in the result.  I write separately to address the manner in which I would dispose of this appeal.

In my view, the issue Appellant raises on appeal challenges the discretionary aspects of his sentence.

> It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal.

> > Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine:  (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code....  [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

* Retired Senior Judge assigned to the Superior Court.

*Commonwealth v. Disalvo*, 70 A.3d 900, 902 (Pa. Super. 2013) (citations omitted).

Appellant timely filed his notice of appeal,[1] and his brief contains a concise statement, albeit a less than adequate concise statement. Appellant's Brief at 7. Appellant however failed to preserve his issue for appellate review.

"Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013). Appellant did not file a post-sentence motion to modify his sentence, and he did not object to his sentence when it was imposed. Thus, he waived his challenge to the discretionary aspects of his sentence. Consequently, I too would affirm the judgment of sentence.

---

[1] The captions of this Memorandum and the Majority Memorandum reflect that Appellant's judgment of sentence was entered on August 24, 2014; however, as the Majority correctly states, Appellant's judgment of sentence was entered on August 28, 2014.

I further note that the Majority states that Appellant timely filed a notice of appeal on October 9, 2014. Majority Memorandum at 3. The trial court's docket does contain a peculiar entry which states that an appeal was filed in this Court on October 9, 2014. That entry also states that the trial court filed the appeal. In any event, the record reflects that Appellant timely filed his notice of appeal on September 26, 2014.