J-S66032-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
CHRISTOPHER DESHAWN LANIER, :
:
Appellant : No.  706 WDA 2015

Appeal from the Judgment of Sentence Entered March 18, 2015,
in the Court of Common Pleas of Erie County,
Criminal Division, at No(s): CP-25-CR-0001245-2014

BEFORE:    OLSON, STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED JANUARY 05, 2016**

Christopher Deshawn Lanier (Appellant) appeals from a judgment of sentence entered after a jury convicted him of committing several drug-related crimes.  We affirm.

The background underlying this matter can be summarized as follows. On the morning of January 31, 2014, City of Erie police officers executed a search warrant and searched an apartment at 342 East Third Street.  The only persons present in the apartment were Appellant, Myia Carr, and Ms. Carr's two young children.  During the search, the officers found a plethora of drugs and related items.

Appellant was arrested and charged with committing multiple drug-related offenses.  Appellant's initial trial ended in a hung jury.  A second jury convicted Appellant of the following:  Count 1 - possession with the intent to

_____

*Retired Senior Judge assigned to the Superior Court.

deliver (PWID) 166.69 grams of cocaine; Count 2 - PWID 138.96 grams of heroin; Count 3 - PWID 186 tablets of Dihydrocodeinone/Vicodin; Count 4 - PWID 220 tablets of BZT/Ecstacy; Count 5 - possession of 166.69 grams of cocaine; Count 6 - possession of 138.96 grams of heroin; Count 7 - possession of 186 tablets of Dihydrocodeinone/Vicodin; Count 8 - possession of 220 tablets of BZT/Ecstacy; Count 9 - possession of a small amount of marijuana; and Count 10 - possession of drug paraphernalia. For Counts 1, 2, and 4, the trial court imposed sentences of 60 to 120 months in prison. The court ordered Count 2 to run consecutively to Count 1 and Count 4 to run concurrently with Count 2. For Count 3, the court imposed a sentence of 12 to 24 months of imprisonment to run concurrently with Count 2. For sentencing purposes, Count 5 merged with Count 1; Count 6 merged with Count 2; Count 7 merged with Count 3; and Count 8 merged with Count 4. As to Counts 9 and 10, the court directed Appellant to pay fines and costs. Thus, in terms of time in prison, Appellant's aggregate sentence is 10 to 20 years.

Appellant timely filed a post-sentence motion, which the trial court denied. Appellant timely filed a notice of appeal. The court directed Appellant to comply with Pa.R.A.P. 1925(b). Appellant filed a 1925(b) statement, and the trial court subsequently filed an opinion in compliance with Pa.R.A.P. 1925(a).

In his brief to this Court, Appellant presents us with two questions:

A.    Whether the verdict of the trial court was against the sufficiency of the evidence regarding the Appellant's convictions for possession with intent to manufacture/deliver, intentional possession of a controlled substance, possession of marijuana small amount and use/possession of drug paraphernalia[?]

B.    Whether the Appellant's sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the sentencing code?

Appellant's Brief at 3 (unnecessary capitalization omitted).

Appellant first attempts to challenge the sufficiency of the evidence admitted at his trial.  In his 1925(b) statement, Appellant presented the following issue addressing the sufficiency of the evidence:   "[Appellant] avers that there was insufficient evidence to link him with the location where drugs were found and for the jury to have found as a matter of law that he was guilty of the crimes charged."  1925(b) Statement, 5/20/2015, at ¶ 8. The trial court addressed this averment, stating, "As to the allegation of insufficient evidence to link [Appellant] to the location does not set forth how or why the evidence was insufficient and this issue is waived for lack of specificity."  Trial Court Opinion, 6/2/2015.  Appellant's brief to this Court does not address the court's conclusion that he waived his sufficiency claim.

Assuming *arguendo* that Appellant did not waive his sufficiency-of-the-evidence claim, as best we can discern from a review of Appellant's 1925(b) statement and the "Argument" section of his brief, Appellant contends that, because the Commonwealth failed to present evidence linking him to the

property where the drugs were seized, the evidence was insufficient to establish that Appellant possessed the drugs. We disagree.

> Our standard of review in determining whether the evidence was sufficient
>
>> requires that we consider the evidence admitted at trial in a light most favorable to the Commonwealth, since it was the verdict winner, and grant it all reasonable inferences which can be derived therefrom. The evidence, so viewed, will be deemed legally sufficient to sustain the jury's conviction on appeal only if it proves each element of the offense charged beyond a reasonable doubt.

***Commonwealth v. Poland***, 26 A.3d 518, 521 (Pa. Super. 2011) (citation omitted).

In terms of evidence "linking" Appellant to the rear apartment of 342 East Third Street, the Commonwealth established that Appellant was present at the residence when police officers searched it. ***See***, ***e.g.***, N.T., 1/12/2015, at 27. In addition, Lieutenant Michael Nolan and Detective Sergeant Matthew Fischer interviewed Appellant after his arrest. During that interview, Appellant stated that he lived at 342 East Third Street, rear apartment, and that he had lived there for nearly one month. ***See***, ***e.g.***, ***id.*** at 30-31 and 94-95.

The Commonwealth also presented the testimony of Patrolman James Cousins, who completed Appellant's intake after his arrest. In so doing, the patrolman asked Appellant a number of questions in order to complete a booking slip. Among the questions the patrolman asked Appellant was what

his residence was. Appellant informed the patrolman that his address was "342 East Third, rear apartment." *Id.* at 49. In fact, the patrolman twice asked Appellant for his address, and on both occasions, Appellant gave the same address. *Id.* at 50.

Thus, contrary to Appellant's position, the Commonwealth presented more than sufficient evidence to "link" Appellant to the rear apartment of 342 East Third Street. When the evidence admitted at trial is viewed in the light most favorable to the Commonwealth, it is sufficient to establish that Appellant constructively possessed the drugs and related items.[1] Consequently, Appellant's claim fails.

Appellant also attempts to challenge the discretionary aspects of his sentence.

---

[1] As this Court has explained:

> When contraband is not found on the defendant's person, the Commonwealth must establish "constructive possession," that is, the power to control the contraband and the intent to exercise that control. The fact that another person may also have control and access does not eliminate the defendant's constructive possession; two actors may have joint control and equal access and thus both may constructively possess the contraband. As with any other element of a crime, constructive possession may be proven by circumstantial evidence. The requisite knowledge and intent may be inferred from examination of the totality of the circumstances. The fact that the contraband is located in an area usually accessible only to the defendant may lead to an inference that he placed it there or knew of its presence.

*Commonwealth v. Haskins*, 677 A.2d 328, 330 (Pa. Super 1996) (citations omitted).

It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal.

Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Disalvo*, 70 A.3d 900, 902 (Pa. Super. 2013) (citations omitted).

Appellant timely filed a notice of appeal. Appellant did not object to his sentence during the sentencing hearing; however, he did seek reconsideration of his sentence in his post-sentence motion. In that motion, Appellant summarized his convictions and sentences, supplied some personal information such as his age and educational background, provided what could be considered mitigating factors that were presented during the sentencing hearing, and submitted that his sentence "may have been too harsh and might be seen as excessive." Motion to Reconsider Sentence, 3/27/2015, at ¶ 13. Thus, the only challenge to the discretionary aspects of his sentence that Appellant arguably preserved for potential appellate review is that his sentence is excessive due to the trial court's failure to consider adequately mitigating factors.

Appellant's brief does contain a Pa.R.A.P. 2119(f) concise statement. To the extent that Appellant presents his preserved challenge in that statement, we must determine whether he has raised a substantial question worthy of appellate review.

> The determination of whether a substantial question exists must be made on a case-by-case basis. It is only where an aggrieved party can articulate clear reasons why the sentence issued by the trial court compromises the sentencing scheme as a whole that we will find a substantial question and review the decision of the trial court. This [C]ourt has been inclined to find that a substantial question exists where the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms underlying the sentencing process.

> Also, a bald allegation that a sentence is excessive does not raise a substantial question.

***Commonwealth v. Lutes***, 793 A.2d 949, 964 (Pa. Super. 2002) (citations omitted).

"[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." ***Disalvo***, 70 A.3d at 903 (citation omitted). Appellant fails to convince us that such a claim raises a substantial question in this case. Thus, we conclude that he has failed to present this Court with a challenge worthy of appellate review. For these reasons, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 1/5/2016