**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| THOMAS WHITE | : | |
| | : | |
| Appellant | : | No. 93 EDA 2017 |

Appeal from the Judgment of Sentence August 3, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002189-2011,
CP-51-CR-0002207-2011, CP-51-CR-0006636-2010

BEFORE: GANTMAN, P.J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.: **FILED JULY 24, 2018**

Appellant Thomas White appeals the judgment of sentence entered by the Court of Common Pleas of Philadelphia County after Appellant entered open pleas to charges of attempted murder and multiple violations of the Uniform Firearms Act (VUFA). Appellant challenges the trial court's discretion in imposing his sentences. After careful review, we affirm.

On February 16, 2010, Philadelphia police officers pulled over a vehicle for a violation of the Motor Vehicle Code. After the passenger, Appellant, exited the vehicle, officers noticed a large bulge in Appellant's waistband. The officers performed a protective frisk and recovered a loaded .38 special revolver from Appellant's waistband and additional ammunition in his pocket. Appellant did not have a license to carry the firearm and was prohibited from possessing a firearm due to a prior conviction.

---

\* Former Justice specially assigned to the Superior Court.

On November 12, 2010, Appellant approached Ronald Murph on Lambert Street in Philadelphia and fired a silver semi-automatic handgun approximately nine times in Murph's direction. The victim sustained ten bullet wounds (both entry and exit wounds) from this assault. On that date, Appellant did not have a license to carry a firearm and was prohibited from doing so due to a prior conviction.

On December 3, 2010, Philadelphia police officers assisted the Major Crimes Violent Task Force to apprehend Appellant, who was discovered in a home on Ardleigh Street in Philadelphia. When the officers knocked on the door, Appellant answered and came out with his hands up. The officers observed within two feet of Appellant a loaded .380 caliber pistol with an obliterated serial number. Once again, Appellant did not have a license to carry a firearm and was prohibited from doing so due to a prior conviction.

On April 11, 2016, Appellant entered a *nolo contendere* plea for the charges related to his November 12, 2010 shooting of Ronald Murph (docketed at CP-51-CR-0002207-2011); specifically, Appellant pled to attempted murder (18 Pa.C.S.A. § 901), persons not to possess a firearm (18 Pa.C.S.A. § 6105), firearm not to be carried without a license (18 Pa.C.S.A. § 6106), and possession of an instrument of crime (18 Pa.C.S.A. § 907). Appellant entered identical pleas on the other two dockets (CP-51-CR-0006636-2010 and CP-51-CR-0002189-2011) to VUFA charges under Sections 6105, 6106, and 6108 (carrying firearms in public in Philadelphia). The lower court

deferred sentencing for a pre-sentence investigation and mental health evaluation.

On August 3, 2016, the lower court sentenced Appellant to an aggregate term of 22½ to 45 years' imprisonment. On Monday, August 15, 2016, Appellant filed a motion for reconsideration of his sentence, which the lower court subsequently denied on December 14, 2016. Appellant filed a timely notice of appeal and complied with the trial court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises one issue for our review, asserting that the lower court abused its discretion in imposing a "manifestly excessive" sentence. Appellant's claim presents a challenge to the discretionary aspects of his sentence. When an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. **Commonwealth v. Moury**, 992 A.2d 162 (Pa.Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four[-]part analysis to determine: (1) whether [A]ppellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether [A]ppellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Moury**, 992 A.2d at 170 (citation omitted). Appellant filed a timely appeal, preserved his sentencing claim in a motion for reconsideration, and included a statement of the reason relied on for allowance of appeal pursuant to

Pa.R.A.P. 2119(f) in his appellate brief. We now consider whether Appellant raised a substantial question for our review.

While Appellant concedes that the lower court imposed sentences within or below the standard range of the Sentencing Guidelines, Appellant suggests the lower court's application of the guidelines led to a "manifestly excessive" result due to Appellant's history of serious mental illness. Appellant emphasized that he has been diagnosed with paranoid schizophrenia and has on multiple occasions been committed to psychiatric hospitals.

We interpret Appellant's claim as an allegation that the lower court failed to consider mitigating factors before imposing sentence. "[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." **Commonwealth v. Disalvo**, 70 A.3d 900, 903 (Pa.Super. 2013). In addition, the record reflects that the court had the benefit of a pre-sentence investigation report and a mental health evaluation and acknowledged Appellant's history of mental illness. **See Commonwealth v. Fullin**, 892 A.2d 843, 849–50 (Pa.Super. 2006) (noting that where the sentencing judge has the benefit of a pre-sentence report, it is presumed he or she was aware of and weighed relevant mitigating statutory factors).

Accordingly, Appellant has failed to raise a substantial question and review of the merits of his challenge to the discretionary aspects of his sentence is unwarranted.

Judgment of sentence affirmed.

P.J. Gantman joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/24/18