J-S67029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EUGENE DUKE FARLEY, III | : | |
| | : | |
| Appellant | : | No. 979 MDA 2019 |

Appeal from the Judgment of Sentence Entered May 15, 2019
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0004464-2012

BEFORE: OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.: **FILED: DECEMBER 26, 2019**

Appellant, Eugene Duke Farley, III, appeals from the May 15, 2019 Judgment of Sentence of ten months' to four years' imprisonment imposed at Docket Number 4464-2012 following a violation of probation ("VOP") hearing. On appeal, Appellant challenges the discretionary aspects of his sentence. After careful review, we affirm.

The relevant facts and procedural history are as follows. On March 17, 2014, Appellant pleaded guilty to Delivery of a Controlled Substance (cocaine),[1] and the court imposed a sentence of two years' special probation.[2]

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

[2] That same day, Appellant also pleaded guilty at a separate docket number to Possession of a Firearm, 18 Pa.C.S. § 6105(a)(1), for which the court

While serving probation, Reading police arrested Appellant for Possession of a Controlled Substance.[3]  A jury convicted Appellant of this offense at Docket Number 4633-2018.  The court sentenced him to eight to twenty-four months' incarceration.  As a result of this new conviction, the court held a ***Gagnon II*** hearing, at which Appellant admitted that his use of a controlled substance and subsequent conviction violated the terms of his probation.  The VOP court found Appellant in violation, and sentenced him to a term of ten months' to four years' incarceration, with 224 days' credit for time served.[4]

Appellant filed a Motion for Modification of Sentence in which he challenged the discretionary aspects of his sentence.  In particular, Appellant alleged that the court failed to place sufficient reasons on the record in support of its sentence and that the court failed to consider adequately Appellant's mitigating circumstances.  Motion, 5/24/19, at ¶ 10, 11.  Following a hearing, on June 18, 2019, the court denied Appellant's Motion.

This timely appeal followed.  Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

---

imposed a sentence of 18 to 48 months' incarceration.  The court ordered Appellant's probationary sentence for his PWID conviction to run consecutive to his Possession of a Firearm sentence.

[3] 35 P.S. § 780-113(a)(16).

[4] The court ordered this sentence to run concurrently with Appellant's eight to twenty-four month sentence of incarceration for his Possession of a Controlled Substance at Docket Number 4633-2018.

[] Whether the [t]rial [c]ourt erred by imposing a sentence of not less than 10 months nor more than 4 years by failing to take into consideration Appellant's mitigat[ing] factors, which included: Appellant's troubled past, attending counselling programs while in prison[,] and the available family support of mother.

Appellant's Brief at 5.

Appellant claims that the VOP court abused its discretion in sentencing him because it failed to take into account "numerous mitigating factors," including: (1) Appellant's substance abuse problem and need for rehabilitation; (2) the close relationship he has with, and the support he receives from, his mother; and (3) Appellant's acceptance of responsibility for his mistakes. Appellant's Brief at 14-16.

Challenges to the discretionary aspects of sentencing are not automatically reviewable as a matter of right. *Commonwealth v. Hunter*, 768 A.2d 1136, 1144 (Pa. Super. 2001). Prior to reaching the merits of a discretionary sentencing issue, we must determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief sufficiently addresses the challenge in a statement included pursuant to Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006).

Appellant has satisfied each of the first three prerequisites. We, thus, proceed to address whether Appellant has raised a substantial question for our review.

Whether a substantial question has been raised regarding discretionary sentencing is determined on a case-by-case basis. ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Id.*** (citation and quotation omitted).

Claims that the sentencing court did not adequately consider mitigating factors generally do not raise a substantial question. ***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa. Super. 2013). A specific claim that the court refused to weigh mitigating factors as an appellant wished, absent more, does not raise a substantial question. ***Moury***, 992 A.2d at 175; ***Commonwealth v. Zirkle***, 107 A.3d 127, 133 (Pa. Super. 2014) ("[W]e have held that a claim that a court did not weigh the factors as an appellant wishes does not raise a substantial question").

Appellant's claim amounts to no more than a bald allegation that the court abused its discretion in failing to consider mitigating factors as he wished. Pursuant to the above case law, Appellant has failed to raise a substantial question. His challenge to the discretionary aspects of his sentence, thus, fails.

Judgment of Sentence affirmed.

President Judge Emeritus Stevens joins the memorandum.

Judge Olson concurs in result.

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/26/2019