J-S03015-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                          :         PENNSYLVANIA
                                           :
               v.                            :
                                           :
                                         :
ANTONIO D. ARCHER             :
                                         :
           Appellant          :     No. 679 WDA 2020

Appeal from the Judgment of Sentence Entered February 12, 2019
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0001740-2018

BEFORE:   DUBOW, J., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.:              **FILED: MARCH 18, 2021**

Appellant, Antonio D. Archer, appeals from the February 12, 2019

Judgment of Sentence entered in the Fayette County Court of Common Pleas

after a jury convicted Appellant of Terroristic Threats.[1]  Appellant challenges

several of the trial court's evidentiary rulings as well as the discretionary

aspects of his sentence.  Upon review, we affirm.

## PROCEDURAL AND FACTUAL HISTORY

The relevant factual and procedural history is as follows.  On or around

September 27, 2017, Fayette County Children and Youth Services ("CYS")

caseworker Leigh Ann David, accompanied by college student Megan

Robinson, went to Appellant's home to serve a Dependency Petition on

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2706(a)(1).

Appellant and his wife ("Wife"). In her capacity as a CYS caseworker, Ms. David had previously been to the home and met the family. When Ms. David arrived at the home, two Pit Bull dogs were hanging out an open window and barking. Wife came outside to meet Ms. David, and Ms. David served the Petition on Wife. Appellant came outside, stood on the porch with one Pit Bull by his side, screamed obscenities, directed Ms. David to leave his property, and threatened to sic his dog on Ms. David. Ms. David immediately left the property and contacted police, who subsequently arrested Appellant.

The Commonwealth charged Appellant with two counts each of Aggravated Assault by Physical Menace, Recklessly Endangering Another Person ("REAP"), and Terroristic Threats.[2]

On February 5, 2019, after hearing testimony from Ms. David, Masontown Police Chief Joseph C. Ryan, and Appellant, a jury convicted Appellant of one count of Terroristic Threats.[3]

On February 12, 2019, the trial court sentenced Appellant to a standard range sentence of six to twenty-four months' incarceration. Appellant filed a timely Post-Sentence Motion for Modification of Sentence, averring that the trial court imposed a harsh, severe, and excessive sentence at the top of the standard range. The trial court denied the Motion on February 25, 2019.

_____

[2] 18 Pa.C.S. §§ 2702(a)(6), 2705, and 2706(a)(1), respectively.

[3] Upon hearing an oral Motion from Appellant's counsel, the trial court dismissed one count of Aggravated Assault against Ms. Robinson because she was not a CYS employee, which is an element of the offense. The jury acquitted Appellant of the remaining charges.

Appellant filed a Notice of Appeal on April 18, 2019, which this Court subsequently quashed as untimely on June 5, 2019. On June 19, 2020, this Court reinstated Appellant's appeal rights *nunc pro tunc* after Appellant filed a Post-Conviction Relief Act Petition alleging ineffective assistance of counsel and a Motion to File Notice of Appeal *Nunc Pro Tunc*.

Appellant filed a timely appeal on July 9, 2020. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

## ISSUES RAISED ON APPEAL

Appellant raises the following issues for our review:

1. Whether the court erred in failing to grant [counsel]'s objection on the grounds of relevancy to the Commonwealth's question to [CYS] caseworker, [Ms.] David: "How did you feel when you would hear these dogs or see these dogs?"

2. Whether the court erred in allowing [Ms.] David to testify as to why CYS was involved with [Appellant]'s family?

3. Whether the court erred in failing to grant [counsel]'s objection on the grounds of relevancy to the Commonwealth's question to Appellant: "Did you ever have a confrontation with CYS?"

4. Whether the court erred in failing to grant [counsel]'s objection on the grounds of relevancy to the Commonwealth's question to Appellant: "What was the purpose of you having two Pit Bulls?"

5. Did the court impose a harsh, severe, and manifestly unreasonable and excessive sentence in light of the circumstances surrounding the alleged incident?

Appellant's Br. at 3.

## Evidentiary Rulings

In his first four issues, Appellant challenges several of the trial court's evidentiary rulings, which overruled counsel's relevancy objections to portions of Ms. David and Appellant's testimony and allowed the jury to hear the testimony. The admission of evidence is within the discretion of the trial court. ***Commonwealth v. Woodard***, 129 A.3d 480, 494 (Pa. 2015). "An abuse of discretion will not be found based on a mere error of judgment, but rather occurs where the court has reached a conclusion that overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." ***Id.*** An abuse of discretion by the trial court, and a showing of resulting prejudice, constitutes reversible error. ***Commonwealth v. Glass***, 50 A.3d 720, 724-25 (Pa. Super. 2012).

Instantly, Appellant avers that the trial court abused its discretion when it allowed the Commonwealth to present irrelevant testimony to the jury that had no probative value and was extremely prejudicial to Appellant. Appellant's Br. at 7. Appellant argues that the Commonwealth's question asking Ms. David how she felt when she saw the dogs intended to illicit sympathy from the jury and had no probative value. ***Id***. at 10. Appellant contends that Ms. David's testimony about why CYS was involved with Appellant's family had no probative value and was prejudicial to Appellant, "paint[ing] Appellant as a bad person in the minds of the jury." ***Id***. Appellant also asserts that the Commonwealth's question regarding whether he ever had a confrontation with CYS improperly implied that he had "some grudge" with CYS and lacked probative value. ***Id***. at 11. Finally, Appellant argues

that the Commonwealth's question asking Appellant what his purpose was in having two Pit Bulls lacked probative value and implied to the jury that Appellant had the dogs "for the purpose of terrifying other people with them, while ignoring all of the other reasons why a person might want to keep two [P]it [B]ulls." *Id*.

Preliminarily, we must set forth the elements of the crimes the Commonwealth charged Appellant with in order to evaluate whether the admitted testimony was relevant. As stated above, the Commonwealth charged Appellant with two counts each of Aggravated Assault by Physical Menace, REAP, and Terroristic Threats. A person is guilty of Aggravated Assault by Physical Menace if he attempts by physical menace to put a CYS employee, while in the performance of duty, in fear of imminent serious bodily injury. 18 Pa.C.S. § 2702(a)(6), (c)(35). A person commits the crime of REAP if he "recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C. § 2705. Finally, a person is guilty of Terroristic Threats if he communicates, either directly or indirectly, a threat to "commit any crime of violence with intent to terrorize another[.]" 18 Pa.C.S. § 2706(a)(1).

The overriding principle in determining if the trial court should admit evidence involves "a weighing of the probative value versus prejudicial effect. We have held that the trial court must decide first if the evidence is relevant and, if so, whether its probative value outweighs its prejudicial effect." *Commonwealth v. Serge*, 896 A.2d 1170, 1177 (Pa. 2006). Generally, all

relevant evidence is admissible. Pa.R.E. 402. "Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or supports a reasonable inference or presumption regarding the existence of a material fact." **Commonwealth v. Minerd**, 753 A.2d 225, 230 (Pa. 2000) (citation omitted); Pa.R.E. 401. However, relevant evidence may be excluded "if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403.

The trial court explained why all of the above-referenced testimony was relevant and probative:

> Ms. David's feelings when she heard and saw the dogs made a fact at issue more or less probable: whether [Appellant] used his dogs to indirectly communicate to others a threat to commit a crime of violence.
>
> This [c]ourt allowed Ms. David to testify as to why CYS was involved with the Defendant's family, because the testimony was preliminary in nature and provided foundation: it established why she was where she was when she saw what she saw.
>
> This [c]ourt overruled [counsel]'s objection on the grounds of relevance to the Commonwealth's question to [Appellant]: "Did you ever have a confrontation with CYS?" [] because the question addressed [Appellant]'s state of mind at the time and therefore ended to establish a material fact in the case: whether [Appellant] intended to terrorize others.
>
> This [c]ourt overruled [counsel]'s objection on the grounds of relevance to the Commonwealth's question to [Appellant]: "What was the purpose of you having two [P]it [B]ulls?" [] because the question addressed an issue that was within the scope of the case. The [Appellant]'s purpose of owning two [P]it [B]ulls intended to

establish a material fact: whether [Appellant] owned two [P]it [B]ulls for the intended purpose of terrorizing others.

Trial Ct. Op., filed 10/20/20, at 2-3.

We agree with the trial court that the testimony challenged by Appellant was relevant and probative. Upon review, we discern no abuse of discretion with the trial court's conclusion that the testimony was admissible, or more probative than prejudicial. Accordingly, Appellant's first four challenges fail.

**Discretionary Aspects of Sentencing**

In his fifth issue, Appellant avers that the trial court imposed a harsh, severe, and manifestly excessive sentence. Appellant's Br. at 12. Appellant argues that the trial court should have sentenced him to a mitigated sentence because of the nature of the offense, the circumstances surrounding the offense, and the fact that being terrorized by two dogs is "very subjective based on the person." Appellant's Br. at 14.

Appellant challenges the discretionary aspects of his sentence. Challenges to the discretionary aspects of sentencing are not automatically reviewable as a matter of right. *Commonwealth v. Hunter*, 768 A.2d 1136, 1144 (Pa. Super. 2001). Prior to reaching the merits of a discretionary sentencing issue, we must determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief sufficiently addresses the challenge in a statement included pursuant to Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the

sentence appealed from is not appropriate under the Sentencing Code. ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006).

Appellant complied with the first two requirements, but did not include a separate Rule 2119(f) Statement in his Brief. The Commonwealth has not objected to this defect and, thus, we decline to find that the defect is fatal. ***Commonwealth v. Kneller***, 999 A.2d 608, 614 (Pa. Super. 2010). We, thus, proceed to consider whether Appellant has raised a substantial question for our review.

Whether an appellant has raised a substantial question regarding discretionary sentencing is determined on a case-by-case basis. ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Id.*** (citation and quotation marks omitted).

Appellant has not identified which provision of the Sentencing Code or fundamental norm underlying the sentencing process his sentence violates or offends. His argument is that the trial court did not properly weigh allegedly mitigating factors. Claims that the sentencing court did not adequately consider mitigating factors generally do not raise a substantial question. ***See Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa. Super. 2013) ("This Court has held on numerous occasions that a claim of inadequate consideration of

mitigating factors does not raise a substantial question for our review." (citation omitted); **Commonwealth v. Zirkle**, 107 A.3d 127, 133 (Pa. Super. 2014) ("[W]e have held that a claim that a court did not weigh the factors as an appellant wishes does not raise a substantial question."). We conclude, therefore, that Appellant has failed to present a substantial question in challenging the discretionary aspects of his sentence and, thus, we lack jurisdiction to review his claim.

In conclusion, the trial court did not abuse its discretion when it deemed portions of testimony relevant and admissible. Moreover, because Appellant has failed to present a substantial question, this Court has no jurisdiction to review Appellant's challenge to the discretionary aspects of his sentence.

Judgment of Sentence affirmed.

Judge Murray joins the memorandum.

Judge Strassburger did not participate.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/18/2021