J-S88040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CARLOS QUILES, | : | |
| | : | |
| Appellant | : | No. 3347 EDA 2015 |

Appeal from the PCRA Order October 5, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003534-2009

BEFORE:  OLSON, RANSOM, and STRASSBURGER*, JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED FEBRUARY 07, 2017**

Carlos Quiles (Appellant) appeals from the order entered on October 5, 2015, which denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

As this Court explained, previously,

The facts giving rise to the charges herein involved Appellant and numerous other individuals who, from June 2004 through May 2008, engaged in the fraudulent transfer of real property. Participants in the criminal enterprise forged documents that purported to allow the holders of those documents to enter vacant houses. The documents could cost the holders anywhere from $100 to $1,000. The individuals then could select and "purchase" a home at various amounts and would be issued a notarized transfer deed, which could be recorded. Unfortunately for the victims, the deeds were fake and the properties' lawful owners did not authorize any of the sales. [Appellant was tried with two other co-defendants. One co-defendant, Richard Smith, was tried *in absentia* after he absconded. Twelve other coconspirators pled guilty.]

*Retired Senior Judge assigned to the Superior Court.

***Commonwealth v. Quiles***, 48 A.3d 468 (Pa. Super. 2012) (unpublished

memorandum at 1-2) (footnote omitted).

The PCRA court summarized the relevant background underlying this

matter as follows.

> On February 12, 2010, Appellant was found guilty after a jury trial, presided over by Honorable Rose Marie DeFino-Nastasi, of corrupt organizations, 18 Pa.C.S. § 911, [graded] as a felony of the first degree; twenty-six (26) counts of theft by deception, 18 Pa.C.S. § 3922, each [graded] as a felony of the third degree; criminal conspiracy, 18 Pa.C.S. § 903, [graded] as a felony of the third degree; fourteen (14) counts of forgery, 18 Pa.C.S. § 4101, each [graded] as a felony of the third degree; and thirteen (13) counts of tampering with public records, 18 Pa.C.S. § 4911, each [graded] as a felony of the third degree.

> On April 30, 2010, Appellant was sentenced to eight (8) to twenty (20) years [of incarceration] for the corrupt organizations conviction; ten (10) years [of] probation on the conspiracy conviction, to run consecutively; and three (3) years [of] probation on each of the theft by deception convictions, to run concurrently to each other and to the probation sentence on the conspiracy conviction.

> On April 4, 2012, the Superior Court affirmed the judgment of sentence.

> On May 16, 2012, Appellant filed a [PCRA] petition.

> On March 27, 2014, J. Matthew Wolfe, Esq. filed an amended PCRA petition, claiming that trial counsel was ineffective for failing to file a post sentence motion.

> On June 23, 2015, the Commonwealth filed a motion to dismiss.

> On August 26, 2015, the [PCRA c]ourt issued a 907 notice.

> On October 5, 2015, the PCRA court formally dismissed Appellant's petition.

On November 3, 2015, Appellant filed the instant appeal to the Superior Court.

PCRA Court Opinion, 1/29/2016, at 1-2 (unnecessary capitalization and citations omitted).

In his brief to this Court, Appellant asks us to consider whether the PCRA court erred in "failing to grant PCRA relief where trial counsel failed to file post[-]sentence motions to preserve the issue of the sentence being excessive?" Appellant's Brief at 8.

Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010). "It is well-established that counsel is presumed effective, and the defendant bears the burden of proving ineffectiveness." *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010). To overcome this presumption, Appellant must show each of the following: "(1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance." *Id.* Appellant's claim will be denied if he fails to meet any one of these three prongs. *Id.*

Here, Appellant argues that trial counsel failed to provide effective assistance of counsel because he did not preserve Appellant's challenge to the discretionary aspects of his sentence, a claim that this Court found

waived on direct appeal. **Quiles**, 48 A.3d 468 (unpublished memorandum at 3-4) ("As Appellant failed to submit a timely post-sentence motion and did not preserve [his challenge to the discretionary aspects of his sentence] during his sentencing, his claim is waived.").

> It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal.
>
> > Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

**Commonwealth v. Disalvo**, 70 A.3d 900, 902 (Pa. Super. 2013) (citations omitted).

Appellant argues that his claim raises a substantial question and contends that, but for trial counsel's failure to preserve the issue in a timely post-sentence motion, this Court could have addressed the merits of his discretionary aspects challenge on direct appeal and there is a reasonable probability he would receive a lesser sentence.[1] Appellant's Brief at 11-15.

---

[1] The record reflects that Appellant's direct appeal was timely-filed, that Appellant's counsel included his discretionary aspects claim in his supplemental concise statement, the trial court addressed the claim in its 1925(a) opinion, and that Appellant's brief to this Court contained a concise statement pursuant to Pa.R.A.P. 2119(f).

Thus, Appellant argues that his underlying issue has arguable merit, there was no reasonable basis for counsel's omission, and he was prejudiced by counsel's inaction. *Id.*

Appellant does not assert that he asked trial counsel to file a post-sentence motion on his behalf. However, at sentencing Appellant was made aware of his appellate rights, particularly his right to file post-sentence motions. N.T., 4/30/2010, at 108-109. Moreover, the record reflects that Appellant's direct appeal was timely-filed, that Appellant's counsel included his discretionary aspects claim in his supplemental concise statement and the trial court addressed that claim in its 1925(a) opinion, and that Appellant's brief to this Court contained a concise statement pursuant to Pa.R.A.P. 2119(f).

Appellant alleges that his underlying discretionary aspect claim, that his statutory maximum sentence for the charge of corrupt organizations is manifestly excessive and the court abused its discretion by failing to place on the record its reason for exceeding the applicable guidelines, raises a substantial question. Appellant's Brief at 14-15. We agree and conclude that Appellant's claim has arguable merit. *See Commonwealth v. Coulverson*, 34 A.3d 135, 143 (Pa. Super. 2011) (holding that a claim that the sentencing court imposed statutory maximum sentences in excess of the applicable guidelines without offering specific reasons for the sentence, which "comport with the considerations required in section 9721(b)[,]"

raises a substantial question); *see also Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008) (stating that an "[a]ppellant's contention that the sentencing court exceeded the recommended range in the sentencing guidelines without an adequate basis raises a substantial question for this Court to review.").

In this case, the sentencing court offered the following explanation for Appellant's sentence.[2]

> The [c]ourt has read all of the victim impact letters. The [c]ourt has reviewed the pre-sentence [investigations], and the memorandum from the Commonwealth on sentencing, and there are a number of issues there.

> * * *

> [Appellant], you posed like you were a lawyer, a notary -- you were a businessman in the community. [Co-defendant Troy Baylor] could say that he was a community leader. You are the businessman in the community. So, what the people in the community see is that you work in a law office; you have legal documentation, paperwork that you take care of. You help people with the problems in the community. You have this office set up so that you are visible as a businessman in the community, who could be trusted. Once again, an imposter.

> You really took the trust out of people. They believed that you were in a position of trust, and that you would help them, and that's why they came to you, and you took advantage of that, the two of you, and [co-defendant Richard] Smith.

> … Mr. Smith was a little bit more of a strong arm. [Co-defendant Baylor is] the sweet talker, the fast talker, like [he] did just now, when [he] got up, that message [he was] trying to give, that I didn't even understand, and [Appellant] is the quiet

---

[2] Appellant was sentenced on April 30, 2010, along with two of his co-defendants. The following are those parts of the notes of testimony directed toward Appellant.

businessman, the quiet businessman.  It is a con.  The whole thing is a con, and it is an organized con.

[Appellant], you never paid taxes.  I re-read your pre-sentence report.  All these jobs you have done in the community; how dare you.  You stole money from all of these people.  You lived the good life.  You raised your children and paid child support, but you never paid taxes.  That is absolutely amazing.

You were a drug dealer, with three convictions for drugs.  You received [three] years. You received a Federal drug sentence of [three] years after a State sentence of [three] years.  So, you were a fairly big time drug dealer, and you moved up.

First, you destroyed the neighborhood with drugs.  That is a blight on the neighborhood.  Then, once you got out, you figured that it would be more profitable if you presented yourself as a businessman.  Then you could steal all the money from the community that you had already put drugs into, over the years.  Then you could steal all of the money from the people in the community, because when the houses are vacant or run down, or families are having problems, you swoop in for the kill and take their houses.

Your behavior, the two of you, and if Mr. Smith was here, is beyond greed.  It is more sinister.  It is really more sinister than greed, because this isn't just about money.  This is so much worse, the fraud you perpetrated on all of these individuals.

* * *

As far as the sentencing in this case, the [c]ourt has thought long and hard about this sentencing.  The behavior of these [d]efendants was outrageous, and these [d]efendants will do jail time.  However, as far as the statement by the District Attorney that if they don't get 50 years or 60 years [of incarceration], then that would not be doing justice to the victims in this case -- that is an inaccurate statement.

The [j]udge really does have to balance.  They need to serve time.  They need to understand the destruction that they caused.  They need to be incapacitated because you two are dangerous out on the street, financially, emotionally, physically,

- 7 -

to the other people, because you make them sick, because you make them so upset, but also, the [c]ourt takes into consideration that if the [c]ourt [was] to sentence on each count separately, the amount of time would be really too much, compared to the crimes that we have before us, and the [c]ourt needs to balance that.

* * *

[Appellant], although you have been called the mastermind of the organization, I believe you were probably the businessman-looking one, the businessman, and perhaps the mastermind. The only difference [between you and co-defendant Baylor] is that you weren't involved in as many properties as Mr. Baylor. That is about the only difference that I see.

As a result, my sentence is as follows: On the charge of Corrupt Organizations, 8 to 20 years of incarceration. …

N.T., 4/30/2010, at 86, 89-93, 104.

Based on the forgoing, the sentencing court considered appropriate factors in fashioning Appellant's sentence. Further, "[w]here the sentencing court had the benefit of a presentence investigation report ..., we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Griffin*, 65 A.3d 932, 937 (Pa. Super. 2013) (internal quotation marks and citation omitted). Accordingly, this Court agrees with the PCRA court's assessment that the sentence imposed was not manifestly excessive under the circumstances of this case and no abuse of discretion attended its imposition. PCRA Court Opinion, 1/29/2016, at 2-3.

Thus, Appellant is unable to prove that he suffered prejudice and counsel cannot be deemed ineffective for failing to file a post-sentence motion. *See **Commonwealth v. Watson***, 835 A.2d 786, 799 (Pa. Super. 2003) (concluding an appellant's ineffectiveness claim failed where the underlying discretionary aspects of sentencing claim lacked merit).

Order affirmed.

Judge Ransom joins.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/7/2017