J-S28010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RANDY A. KIMBLE | |
| Appellant | No. 963 WDA 2016 |

Appeal from the Judgment of Sentence February 9, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0009706-2014
CP-02-CR-0010820-2014
CP-02-CR-0013586-2014

BEFORE: OLSON, MOULTON and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.: **FILED MAY 23, 2017**

Appellant, Randy A. Kimble, appeals from the judgment of sentence entered on February 9, 2015, following his guilty plea to one count each of simple assault, terroristic threats, and resisting arrest.[1] In this direct appeal, Appellant's court-appointed counsel filed both a petition to withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We conclude that Appellant's counsel complied with the procedural requirements necessary for withdrawal. Moreover, after independently

---

[1] 18 Pa.C.S.A. §§ 2701(a)(1), 2706(a)(1), and 5104, respectively.

* Retired Senior Judge assigned to the Superior Court.

reviewing the record, we conclude that the instant appeal is wholly frivolous. We therefore grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

The trial court set forth the facts and procedural history of this case as follows:

> Appellant [] was charged by criminal information (CC 201409706) with three counts of terroristic threats, one summary count of disorderly conduct, and one summary count of harassment.
>
> Appellant was charged by criminal information (CC 201410820) with one count of aggravated assault.
>
> Appellant was charged by criminal information (CC 201413586) with one count of simple assault, one count of resisting arrest, and one summary count of public drunkenness.
>
> On February 9, 2015, Appellant entered a negotiated plea agreement. In exchange for Appellant's guilty plea, the Commonwealth withdrew: two counts of terroristic threats, disorderly conduct, and harassment at CC 201409706; amended aggravated assault to simple assault at CC 201410820; and withdrew simple assault and public drunkenness at CC 201413586.
>
> That same day, Appellant was sentenced by the [t]rial [c]ourt as follows:
>
>> CC 201410820 count one: simple assault — one year probation;
>>
>> CC 201409706 count one: terroristic threats — two years probation to be served consecutive to the period of probation imposed at CC 201410820;

CC 201413586 count two: resisting arrest — one year probation to be served consecutive to the period of probation imposed at CC 201409706.

Thus, Appellant's aggregate sentence was four years [of] probation.

On July 31, 2015, Appellant filed a *pro se* PCRA Petition. The [t]rial [c]ourt appointed counsel for Appellant, and granted Appellant's PCRA [p]etition to reinstate his appellate rights on May 6, 2016.

On May 20, 2016, Appellant filed a post sentence motion to reconsider his sentence, which was denied by the [t]rial [c]ourt on June 1, 2016.

Trial Court Opinion, 11/1/2016, at 2-4 (footnotes omitted). This timely appeal resulted.[2]

"When presented with an *Anders* brief, [we] may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010), *citing* *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). We must first determine whether counsel completed the necessary procedural requirements for withdrawing as counsel. *Commonwealth v. Washington*, 63 A.3d 797, 800 (Pa. Super. 2013).

_____

[2] Appellant filed a notice of appeal on June 29, 2016. On July 14, 2016, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days of receipt of requested trial transcripts. It is unclear from a review of the record when Appellant received those transcripts. However, Appellant filed a Rule 1925(b) concise statement on October 4, 2016, which the trial court deemed timely. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on November 1, 2016.

Court-appointed counsel must satisfy certain requirements to withdraw under *Anders*.

> First, counsel must petition the court for leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous; second, he must file a brief referring to any issues in the record of arguable merit; and third, he must furnish a copy of the brief to the [appellant] and advise him of his right to retain new counsel or to himself raise any additional points he deems worthy of [our] attention.

*Commonwealth v. Martuscelli*, 54 A.3d 940, 947 (Pa. Super. 2012), quoting *Santiago*, 978 A.2d at 361. In the submitted *Anders* brief, counsel must

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Washington*, 63 A.3d at 800, quoting *Santiago*, 978 A.2d at 361.

If counsel meets these requirements, it is then our responsibility "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is wholly frivolous." *Santiago*, 978 A.2d at 355 n.5, citing *Commonwealth v. McClendon,* 434 A.2d 1185, 1187 (Pa. 1981). Counsel will be permitted to withdraw if both the

- 4 -

procedural and substantive requirements are satisfied. In addition, we "must conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnote and citation omitted). In the case at bar, we find counsel has met all the above requirements. We now turn to an examination of the *Anders* brief.

On appeal, the *Anders* brief identifies one potential issue for our review:

> 1. Whether the trial court imposed an unduly harsh sentence in imposing consecutive sentences considering the nature of [A]ppellant's mental health condition?

*Anders* Brief at 4. Appellant suggests his aggregate sentence was harsh and that the trial court abused its discretion by failing to consider his mental health and by imposing consecutive sentences. *Id.* at 16-18.

It is well settled that,

> with regard to the discretionary aspects of sentencing, there is no automatic right to appeal. Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine: (1) whether the appeal is timely [filed]; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Disalvo*, 70 A.3d 900, 902 (Pa. Super. 2013) (citations omitted).

Here, Appellant filed a timely appeal and preserved his issue by filing a post-sentence motion for reconsideration of his sentence. Counsel for Appellant explained that he "ha[d] not fully complied with Pa.R.A.P. 2119(f) by setting forth in a separate section of the [b]rief for Appellant a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[,]" because "[p]ursuant to *Santiago*, counsel has simultaneously addressed why a substantial question pursuant to Rule 2119(f) cannot be established and why the merits of the claim raised are frivolous." Appellant's Brief at 14. The Commonwealth has not objected to Appellant's failure to file a separate, concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence.

Appellant, however, fails to raise a substantial question for our review. "A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question." *Commonwealth v. Swope*, 123 A.3d 333, 338 (Pa. Super. 2015) (citation omitted). "Rather, the imposition of consecutive rather than concurrent sentences will present a substantial question in only 'the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.'" *Id.*

(citation omitted). In this case, Appellant received mitigated consecutive sentences resulting in an aggregate sentence of four years of probation for three crimes that occurred during three separate criminal episodes. This sentence does not present a substantial question that the aggregate sentence was unduly harsh. Further, regarding Appellant's mental health claim, "this Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Id.* at 339. Regardless, the trial court heard testimony from Maria Palmer, a supervisor with the community treatment team at Mercy Behavioral Health. N.T., 2/9/2015, at 9. Initially diagnosed with schizoaffective disorder, Appellant is currently receiving mental health services from Mercy Behavioral Health including anger management, impulse control, and medication monitoring. *Id.* at 10. The trial court specifically stated it imposed probation so that Appellant could participate in community treatment programs. *Id.* at 14. Hence, we conclude that Appellant fails to raise a substantial question regarding the trial court's consideration of Appellant's mental health status in fashioning sentence, but that the trial court, in fact, considered it. For all of the foregoing reasons, we find Appellant's sentencing issues frivolous.

Moreover, after an independent review of the entire record, we see nothing that might arguably support this appeal. The appeal is, therefore,

wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw appearance.

Petition for leave to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/2017