J-S05041-18

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P 65.37

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ALBERT IRBY, | : | |
| | : | |
| Appellant | : | 1464 WDA 2017 |

Appeal from the Judgment of Sentence September 6, 2017
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000013-1969

BEFORE: OLSON, OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          FILED MARCH 28, 2018

Albert Irby (Appellant) appeals from the September 6, 2017 judgment of sentence imposed following a resentencing hearing pursuant to Miller v. Alabama, 567 U.S. 460 (2012). We affirm.

> Appellant, who was seventeen years old at the time of the offense, was convicted by a jury of first-degree murder[1] and was sentenced on May 6, 1971, to a mandatory sentence of life imprisonment without parole. Appellant confessed that on September 22, 1969, he entered a store intending to commit an armed robbery and shot the victim when the victim reached for his gun. On direct appeal, our Supreme Court affirmed. Commonwealth v. Irby, 284 A.2d 738 (Pa. 1971).
>
> _____
> [1] Due to deficiencies in the decades[-]old record, it is not possible to determine if Appellant was convicted of additional offenses.

Commonwealth v. Irby, 145 A.3d 774 (Pa. Super. 2016) (unpublished memorandum) at 1-2.

*Retired Senior Judge assigned to the Superior Court.

On August 6, 2012, Appellant filed his first PCRA petition claiming that his sentence was unconstitutional under Miller.[1] The PCRA court dismissed the petition as untimely filed.[2] Upon remand from our Supreme Court, this Court vacated Appellant's judgment of sentence and remanded for a new sentencing hearing. Irby, 145 A.3d 774.

On September 6, 2017, after a hearing, the PCRA court resentenced Appellant to 48 years to life imprisonment. Appellant was granted leave to file a post-sentence motion nunc pro tunc. In his motion, Appellant alleged, inter alia, that his sentence was manifestly excessive. The PCRA court denied Appellant's motion on October 6, 2017.

Appellant timely filed a notice of appeal.[3] Appellant's sole claim on appeal is that his minimum sentence of 48 years of incarceration is manifestly excessive. Appellant's Brief at 3.

Appellant challenges the discretionary aspects of his minimum sentence.

---

[1] Appellant's petition was filed within sixty days of the issuance of Miller.

[2] This Court affirmed that order on appeal based on Commonwealth v. Cunningham, 81 A.3d 1 (Pa. 2013), and Appellant filed a petition for allowance of appeal to our Supreme Court. Thereafter, the United States Supreme Court held that Miller applied retroactively, essentially overruling Cunningham. Montgomery v. Louisiana, 136 S.Ct. 718 (2016). Following that decision, our Supreme Court granted Appellant's petition for allowance of appeal, vacated this Court's order, and remanded for further proceedings. Commonwealth v. Irby, 158 A.3d 63 (Pa. 2016) (per curiam).

[3] Appellant complied with Pa.R.A.P. 1925(b). The PCRA court complied with Pa.R.A.P. 1925(a) by issuing an order referring this Court to the resentencing hearing transcript for a "detailed on-the-record-explanation for the sentence imposed." Order, 10/11/2017, at 1.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

Commonwealth v. Griffin, 65 A.3d 932, 935 (Pa. Super. 2013) (some citations omitted).

Here, Appellant was granted leave to file a post-sentence motion nunc pro tunc, timely filed a notice of appeal, and included a statement pursuant to Rule 2119(f) in his brief. Thus, he has satisfied the first three requirements. We now turn to consider whether Appellant has presented a substantial question for our review.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. Commonwealth v. Paul, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." Griffin, 65 A.3d at 935 (citation and quotation marks omitted).

In his 2119(f) statement, Appellant paraphrases the testimony presented at the resentencing hearing, Appellant's Brief at 11-13, and sets forth boilerplate statements that a substantial question is raised when a sentence is excessive and the sentencing court "did not provide sufficient reasons for the excessive sentence" and "the sentence is so manifestly excessive as to constitute too severe a punishment." Appellant's Brief at 13. However, Appellant offers no analysis of how these legal conclusions apply to the facts of his case. Rather, Appellant concludes his 2119(f) statement with an analysis practically identical to the conclusion of his argument. See Appellant's Brief at 23.

> As demonstrated in [Appellant's] mitigation expert … report, and via the testimony at the 9/6/17 [r]e[]sentencing hearing, [Appellant] is a 65 year old man who is no longer a threat to anyone, he's served over 48 years in prison for a crime he has always, consistently maintained that he never committed, there was nothing about the instant crime that was any more heinous than other robberies that resulted in a homicide, the instant case was clearly in the nature of a [second-degree murder] rather than a [first-degree murder] (which would suggest 30 to life pursuant to the [g]uidelines, rather than 35 to life),[4] he's had no misconducts in the prison for the past 30 years, he's been compliant with prescribed medications for the past 12 years, he was essentially a model prisoner, he has loving and responsible family who will take him in if paroled, he has [McArthur] Mosely [from Hill House Association who runs an assistance program for older adults released from prison] to assist with nearly every need and requirement if paroled, and [Appellant] will be totally

---

[4] Insofar as Appellant claims that the PCRA court used the wrong guidelines, his claim fails ab initio. Appellant was convicted of first-degree murder, and thus the PCRA court correctly employed the guidelines for first-degree murder. Appellant's assessment of what degree of murder he believes he should have been convicted of does not determine his sentencing guidelines.

compliant with any conditions of parole imposed on him if and when released from prison. Hence, the manifestly excessive minimum sentence of 48 years' imprisonment was unwarranted, and constituted overkill, since 30 to life would have been more than adequate, and would have made it more likely that [Appellant] would be quickly paroled, which now may or may never happen. Hence, [Appellant] respectfully avers that he has raised substantial questions.

Appellant's Brief at 14.

As such, we find that Appellant's specific issue on appeal amounts to an allegation that his minimum sentence is manifestly excessive because the PCRA court failed to consider adequately various mitigating factors. In that regard,

"this Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." Commonwealth v. Disalvo, 70 A.3d 900, 903 (Pa.[ ]Super.[ ]2013) (internal citation omitted).

However, "prior decisions from this Court involving whether a substantial question has been raised by claims that the sentencing court 'failed to consider' or 'failed to adequately consider' sentencing factors [have] been less than a model of clarity and consistency." Commonwealth v. Seagraves, 103 A.3d 839, 842 (Pa.[ ]Super.[ ]2014) (citing [Commonwealth v. Dodge[, 77 A.3d 1263 (Pa. Super. 2013)]). In []Dodge, this Court determined an appellant's claim that the sentencing court "disregarded rehabilitation and the nature and circumstances of the offense in handing down its sentence" presented a substantial question. Dodge[, 77 A.3d] at 1273.

This Court has also held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question.

Commonwealth v. Caldwell, 117 A.3d 763, 769–70 (Pa. Super. 2015) (en banc) (some citations and quotation marks omitted). Based on the above precedent, we find that Appellant has raised a substantial question and will review the merits of his claim.

In Commonwealth v. Batts (Batts II), 163 A.3d 410 (Pa. 2017), the Court held, inter alia, that a trial court, in resentencing a juvenile offender convicted prior to Miller, was constitutionally permitted to impose a minimum term-of-years sentence and a maximum sentence of life imprisonment, thus "exposing these defendants to parole eligibility upon the expiration of their minimum sentences." Batts II, 163 A.3d at 439. In fashioning a term-of-years-to-life sentence, the lower court must consider the sentencing requirements codified at 18 Pa.C.S. § 1102.1, which provides, in relevant part, as follows.

> (a) First degree murder.--A person who has been convicted after June 24, 2012, of a murder of the first degree, first degree murder of an unborn child or murder of a law enforcement officer of the first degree and who was under the age of 18 at the time of the commission of the offense shall be sentenced as follows:
>
> > (1) A person who at the time of the commission of the offense was 15 years of age or older shall be sentenced to a term of life imprisonment without parole, or a term of imprisonment, the minimum of which shall be at least 35 years to life.

18 Pa.C.S. § 1102.1. As the Court in Batts II explained,

> [t]he Miller Court concluded that sentencing for juveniles must be individualized. This requires consideration of the defendant's

- 6 -

age at the time of the offense, as well as "its hallmark features," including:

> immaturity, impetuosity, and failure to appreciate risks and consequences[;] … the family and home environment that surrounds him—and from which he cannot usually extricate himself—no matter how brutal or dysfunctional[;] … the circumstances of the homicide offense, including the extent of his participation in the conduct and the way familial and peer pressures may have affected him[;] … that he might have been charged and convicted of a lesser offense if not for incompetencies associated with youth—for example, his inability to deal with police officers or prosecutors (including on a plea agreement) or his incapacity to assist his own attorneys[;] … [and] the possibility of rehabilitation … when the circumstances [i.e. (the youthfulness of the offender)] most suggest it.

Id. at 431 (citations omitted).

In this case, prior to resentencing, the PCRA court provided a summary of what it considered when fashioning Appellant's sentence, which included statements by Appellant and his family.

> [T]he law gives us some guidance on how to do these sentencings, and certainly … Batts [II] is a case that sets forth many different factors to consider.
>
> Also, our own Sentencing Code, section 9721, does the same thing. It sets forth factors to consider, to look at when sentencing. And certainly the murder statute in 1102 sets forth those things.
>
> And those are all things that I considered in trying to come up with what I believe takes into consideration the entirety of this situation, the crime itself, the impact on the victims, the threat to the community and certainly your own rehabilitative needs.
>
> In looking at those factors, I mean, I certainly note that you were close to 18 years old when this happened. There are

certainly sentencing situations where we're dealing with 14- or 15-year-olds or 16-year-olds, but that's not the case here. You were 17-and-a-half when this occurred.

You know, this is a very brutal circumstance where you go into the store with a gun drawn, demanding money or you would shoot. And you do shoot, twice, in the head and the hand of a person who is in that store for some money. Probably not a whole lot of money. This wasn't a big store. This wasn't a store making a ton of money.

You know, you are the sole shooter in this matter. You know, I understand that you are protesting your innocence and that you are claiming your innocence even 48 years later. The jury has convicted you. There is a confession. I understand you're saying that that confession was coerced, but that confession was also accepted by that jury.

You know, we have a situation where we have a huge impact on the victim. We have a man who's killed who has nine children and a wife to support, [who was] no longer there to support them, whose entire family relocates. They closed the store that is the source of their livelihood. And it also impacts the community. There is now an impact on the community. We have a shopkeeper who has left because of the violence created by you.

You know, concerns in terms of capacity for change. I would like to say that there is a lot, but even your brother-in-law said that he hasn't seen any change in 48 years. Sort of a difficult thing to hear from the stand, that he hasn't seen any change in 48 years.

I have major concerns, very, very serious concerns, about your mental-health history, your potential for rehabilitation and your willingness to accept rehabilitation. And a lot of those concerns are based on your own words as you talked to me. You know, that you're taking your medications to please people, to get out of the jail. And it's not the reason you should be taking your medications.

You should be taking your medications because you have a serious diagnosis that requires those medications to be taken to change your body chemistry so that you then will improve the way

you deal with everything in life. But that's not what you told me. You told me it's just sort of like taking an aspirin, it doesn't have - - it doesn't make a difference to you. It's the same as taking an aspirin. You don't feel any different effect when you take the medications or you don't take the medications.

You know, you tell me that you don't really truly believe you have a problem, when the diagnoses go back a very long time describing those problems and describing a very serious and persistent mental-health diagnosis that does not improve over time unless you treat it and take medications.

So I have very serious concerns about how you have dealt with your mental illness, how you will deal with your mental illness on the outside. I have very serious concerns about your willingness to accept what you will need to accept as parole conditions if and when parole is ever set.

You know, certainly the condition of mental-health treatment, certainly the condition of medications, perhaps the condition of not going to your sister's house but going to something like a halfway house or, quite frankly, what I see as being more probably appropriate, a CRR, which is a community residential center for people with mental-health illnesses so that they can be monitored in taking their medications.

You tell me, well, I don't know, I have to wait and see, I've never been in that environment, I'm not sure how I'd react to that. It doesn't give me a whole lot of confidence that you would follow that recommendation.

So, sir, based on all of the testimony today, based on the long and involved report of your mitigation specialist, ... based on the testimony that I heard here today from witnesses, as well as your own testimony, sir, at this point, on the charge of first-degree murder, I sentence you, sir, to a period of 48 years to life imprisonment.

N.T., 9/6/2017, at 49-54.

Based on the above, it is clear that the PCRA court more than adequately

considered Appellant's mitigating factors in fashioning his term-of-years to life

sentence. Appellant has already served his minimum sentence and is consequently eligible for parole consideration. We decline to find that Appellant's minimum sentence, essentially a sentence to time served, is manifestly excessive. Accordingly, after a thorough review of the record and briefs, we find Appellant has presented no issue on appeal which would convince us to disturb his judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  3/28/2018