J-S35039-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DIANDRE BROWN, | : | |
| | : | |
| Appellant | : | No.  3096 EDA 2017 |

Appeal from the Judgment of Sentence June 5, 2017
in the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0002768-2016

BEFORE:  OLSON, J., STABILE, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED SEPTEMBER 10, 2019**

Diandre Brown (Appellant) appeals from the June 5, 2017 judgment of

sentence of an aggregate term of 18 to 36 years of incarceration imposed

after he pleaded guilty to third-degree murder, conspiracy to commit third-

degree murder, and firearm not to be carried without a license.  We affirm.

The trial court set forth the factual and procedural history as follows.[1]

> At approximately 8:52 p.m. on Monday, April 6, 2015, the
> Norristown Police Department responded to a report of shots fired
> in the area of Basin and Locust Streets in Norristown.  At
> approximately 9:03 p.m. that same night, a Plymouth Township
> police officer observed a woman in a Hyndai [*sic*] sedan at a Lukoil
> service station on Ridge Pike yelling to [the officer].  Upon
> investigation, the officer discovered a gunshot victim seated in the

---

* Retired Senior Judge assigned to the Superior Court.

[1] The convictions in the instant appeal resulted from Appellant's guilty pleas.
The trial court derived the facts from the transcripts of the plea and sentencing
hearings, as well as the affidavit of probable cause.

front passenger seat. Keithon Majors, age twenty-eight, was transported to Mercy Suburban Hospital for treatment and was pronounced dead at 10:37 p.m. by Dr. Hisham Khadr.

Members of the Norristown Police Department and the Montgomery County Detective Bureau immediately began a joint investigation into the apparent homicide. The Forensic Services Unit of the Montgomery County Detective Bureau processed the crime scene, recovering twenty fired cartridge casings and six bullet specimens fired from three separate firearms. On April 7, 2015, Dr. Isadore Mihalakis, a forensic pathologist, conducted an autopsy and determined that the cause of [] Majors'[s] death was a gunshot wound to the chest and that the manner of death was homicide.

After a thorough investigation, including interviews of witnesses and cooperating witnesses, cellular phone records, a wiretap recording and a grand jury investigation, law enforcement officers determined that four men had been driving around Norristown in a silver Chevrolet looking to exact revenge in an "ongoing beef" with [] Desmond Young. Several witnesses told law enforcement officers and the Montgomery County grand jury that Terrell Slocum drove the Chevrolet with his brother Kevin Slocum, Chad Beringer and Appellant riding as passengers with firearms looking for [] Young. Terrell Slocum remained in the Chevrolet while the other three codefendants exited the vehicle, each with a firearm, and fired into a crowd on the corner of Basin and Locust Streets.

Norristown Borough Police arrested Appellant on March 21, 2016[,] for his alleged role in the murder of [] Majors on April 6, 2015. The Commonwealth subsequently charged Appellant with murder of the first degree, criminal conspiracy to commit murder, aggravated assault, criminal conspiracy to commit aggravated assault, recklessly endangering another person, firearms not to be carried without a license, and possession of a firearm and/or other weapon with intent. Appellant gave a statement to Detective Wittenberger of the Montgomery County Detective Bureau in which he admitted his active participation in the conspiracy as well as the shooting in what turned out to be a case of mistaken identity.

Represented by Francis J. Genovese, Esquire, Appellant proffered open guilty pleas on May 13, 2016, to numerous

- 2 -

offenses on five separate matters. Appellant entered open pleas to murder of the third degree, criminal conspiracy to murder of the third degree and firearms not to be carried without a license on this docket, as well as drug paraphernalia on docket number 3074-2015; aggravated assault and carrying firearms without a license on docket number 5144-2015; carrying a firearm without a license on docket number 5449-2015, and possession of cocaine on docket number 5453-2015. As part of the open plea to the charge of murder of the third degree, Appellant agreed to testify truthfully in the homicide trial of his codefendants and in conformity with his statements to the Montgomery County detectives. Appellant did not have to testify at a homicide trial because the two remaining codefendants subsequently entered negotiated guilty pleas.

Appellant appeared before the [trial court] for sentencing on Monday, June 5, 2017, on the open pleas entered in five matters. The agreed-upon sentencing guidelines for the third-degree murder conviction provided a standard[-]range sentence in light of the offense gravity score and Appellant's prior record score of [] sixteen to twenty years' incarceration.

Trial Court Opinion, 12/17/2018, at 1-5 (citations to the record, footnotes, and parenthetical numbers omitted; some capitalization altered). Appellant was sentenced to 18 to 36 years of incarceration each for third-degree murder and conspiracy, and three and one-half to seven years of incarceration for the firearm conviction, with all sentences to run concurrently.[2] Appellant timely filed a post-sentence motion seeking reconsideration of his sentence. After a hearing, the trial court denied the post-sentence motion on September 1, 2017. This timely-filed appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

---

[2] Our review of the certified record does not reveal the sentencing order docketed on June 5, 2017, but the transcript from Appellant's sentencing hearing on that date confirms the trial court sentenced Appellant as stated above.

On appeal, Appellant challenges the discretionary aspects of his sentence.[3] Appellant's Brief at 4. Specifically, he claims the trial court abused its discretion in sentencing Appellant to a term of 18 to 36 years of incarceration for third-degree murder "in light of his cooperation with the Commonwealth in the prosecution of his co-defendants." *Id.* We consider this issue mindful of the following.

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
> > (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Samuel*, 102 A.3d 1001, 1006-07 (Pa. Super. 2014) (some citations omitted).

Here, Appellant timely filed a notice of appeal, sought reconsideration of his sentence in a post-sentence motion, and his brief contains a Pa.R.A.P.

---

[3] Because Appellant entered an open guilty plea as to the sentence imposed, he is not precluded from appealing the discretionary aspects of his sentence. *Commonwealth v. DiClaudio*, ____ A.3d ____, 2019 WL 2182609 at *2 n.5 (Pa. Super. 2019) (citation omitted).

- 4 -

2119(f) statement. We now consider whether Appellant has presented a substantial question for our review.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the sentencing code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (citation and quotation marks omitted).

Instantly, Appellant asserts in his 2119(f) statement that the sentence imposed is "manifestly unreasonable and unduly harsh" in that the court failed to consider adequately mitigating factors of Appellant's cooperation in the prosecution of his co-conspirators, as well as his taking full responsibility for his actions, his letter to the court expressing remorse, and the testimony of a close family friend. Appellant's Brief at 11-12.

Appellant's allegation amounts to a claim that the trial court, in imposing a standard-range sentence for third-degree murder,[4] failed to give as much weight as Appellant would have wished to mitigating factors. Such a claim does not raise a substantial question for our review. *Commonwealth v.*

_____

[4] Appellant acknowledges he was sentenced in the standard range of the sentencing guidelines. *See* Motion to Reconsider Sentence, 6/14/2017, at ¶ 5.

- 5 -

*Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) ("[A] claim of inadequate consideration of mitigating factors does not raise a substantial question for our review.") (citation and quotation marks omitted); *Griffin*, 65 A.3d at 936-37 (finding claim that trial court failed to consider adequately defendant's rehabilitative needs in imposing standard-range sentences did not raise a substantial question).[5] Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/10/19

---

[5] Even if we were to determine that Appellant's claim did raise a substantial question, we find no merit to the underlying allegation. The trial court had the benefit of a presentence investigation report and sentenced Appellant to a standard-range sentence. *See Griffin*, 65 A.3d at 935-36 ("Where the sentencing court had the benefit of a presentence investigation report (PSI), we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. In addition, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.") (internal citations and quotation marks omitted). Furthermore, the court stated on the record that it considered the PSI report; PPI evaluation report; sentencing guidelines; Appellant's age; Appellant's letter sent to the court expressing remorse; Appellant's cooperation with the Commonwealth, which led to several convictions; Appellant's guilty plea; counsel's arguments at sentencing; Appellant's allocution; Appellant's prior criminal history, including multiple violent incidents; and the factors set forth in 42 Pa.C.S. § 9721(b). N.T., 6/5/2017, at 37-42; *see also* Trial Court Opinion, 12/17/2018, at 14-15.