J-S41024-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                             :  PENNSYLVANIA
                                             :

          v.  :

                                             :

DEMETRIUS AQUINO  :
                                             :

          Appellant  :  No. 613 MDA 2020

Appeal from the Judgment of Sentence Entered June 10, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0005024-2017

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:       **FILED DECEMBER 23, 2020**

Demetrius Aquino appeals the judgment of sentence entered following his guilty plea to Second-Degree Murder, Robbery, Conspiracy, and Possession of a Firearm with Altered Manufacturer's Number.[1] Aquino argues that the trial court abused its discretion in denying his request to withdraw his plea and challenges the discretionary aspects of his sentence. We affirm.

On June 10, 2019, Aquino pled guilty to killing the victim while attempting to rob him. Additionally, at the time of the robbery, Aquino was with two other people who had agreed to commit the robbery with him. At the guilty plea hearing, the Commonwealth inquired as to Aquino's understanding of what it meant to plead guilty to the charges. *See* N.T., Guilty Plea Hearing,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(b), 3701(a)(1)(i), 903, and 6110.2(a), respectively.

6/10/19, at 2-3. It explained to Aquino that the Second-Degree Murder charge required a sentence of life without parole that was non-negotiable. *Id.* at 2. The Commonwealth also informed Aquino of the rights he was giving up by pleading guilty, his limited appellate rights, and asked whether anyone had forced or threatened him to plead guilty. He responded that no one had made any such threat. *Id.* at 4-5. The trial court then explained to Aquino each charge to which he was pleading guilty. *Id.* at 6-9. The court inquired whether Aquino agreed with the facts to which he was pleading guilty:

> THE COURT: That's the allegation. Okay. Now, as far as the criminal homicide, do you admit that you participated in a felony of robbery and that Dion Walker was killed during that felony?
>
> [Aquino]: Yes, Your Honor.
>
> THE COURT: And do you admit that you participated in the felony of robbery, that you were actually committing a robbery or attempting to commit a robbery when the death of Mr. Walker occurred?
>
> [Aquino]: Yes, Your Honor.
>
> THE COURT: And do you admit that there was an agreement between you and at least one of the other individuals, either Chiara Snyder Harvey or Ricardo McClure, to commit this robbery?
>
> [Aquino]: Yes, Your Honor.
>
> THE COURT: And do you admit that you had possession of that particular firearm?
>
> [Aquino]: Yes, Your Honor.
>
> THE COURT: For the record, what was the firearm?
>
> [Commonwealth]: It was a .45-caliber handgun.

THE COURT: You had possession of the .45-caliber handgun that had an altered or obliterated manufacturer's number or serial number. Do you admit that?

[Aquino]: Yes, Your Honor.

*Id.* at 9-10.

Following the above interaction between Aquino and the court, Aquino's counsel told the court that he was fine with going directly to sentencing and had nothing additional to offer. *Id.* at 11. The trial court then gave Aquino an opportunity to speak, and Aquino apologized to the victim's family:

I wanted to apologize to the family. I mean, right is right and wrong is wrong. I shouldn't have did what I did. I shouldn't have been there. I can't bring your son back, but I just wanted to let y'all know I'm sorry for what happened, whether you take it or leave it, it's on y'all. I just wanted to let you know that I am sorry.

*Id.* at 12.

After hearing from the victim's family the trial court expressed its opinion about the case prior to sentencing Aquino.

THE COURT: Very well. I wish to thank the members of the [victim's] family who are present today. I know it was very difficult for mother and grandmother to get up and speak at an occasion like this, but I think it's important that they did because I think it's important for [Aquino] to hear how [the victim's] death has affected [the victim's] family. It's one thing to imagine what the affect is. It's another thing to hear it described in person and the affect it has on parents, grandparents, siblings, and so forth. There's no doubt that this case causes an emotional loss and an emotional -- severe emotional impact. Not only for Dion's family but for [Aquino's] family as well.

We have one young man whose life has been lost, taken needlessly. There's no question about that. But we have

- 3 -

another young man who is now faced with the prospect of spending the rest of his life in a state correctional institution. Not pleasant for either side, obviously. So there is a lot of pain and a lot of sorrow on both sides of the courtroom. So I have sympathy for both families that suffer because of the events that occurred on that street corner a year and a half, two years ago, and played out here in court today in terms of a sentencing. So it is sad all the way around. It is emotional all the way around. It is a devastating loss all the way around.

And to [the victim's] family, I can only offer my deepest sympathy for your loss, and I hope that being here today and seeing the case resolved in some fashion -- it will never be 100 percent resolved in your minds. I know that. You'll live with this loss of [the victim] for the rest of your lives, and I understand that and I appreciate that. But I hope today brought you at least some closure in this case and will allow you to continue to grieve as you will for the rest of your life, I know, but to move forward in all your family matters in raising the family and so forth. So, again, I very much appreciate the fact that you're here today.

And, Mr. Aquino, I'm not sure what else I can say other than you made a terrible decision that day to engage in this felony and to commit a robbery, whether it was for drugs or money or a combination of both, it still was a senseless act. The shooting of [the victim] was just -- it was just unnecessary. It was needless, didn't have to happen. And the robbery didn't have to happen in the first place. And so whatever motivation you had to even arrange this particular criminal episode was just a very bad and a very wrong decision that has had tremendous consequences to [the victim's] family and to you and your family as well.

*Id.* at 16-18. The trial court then imposed the following sentence: life imprisonment without parole for Second-Degree Murder; a concurrent terms of six to 12 years' incarceration for Robbery and Conspiracy; and a consecutive term of four to eight years' incarceration for the firearms charge. Aquino did not file a post-sentence motion or a direct appeal.

- 4 -

In December 2019, Aquino filed a Post Conviction Relief Act ("PCRA")[2] petition requesting that the court grant him a *nunc pro tunc* direct appeal. **See** PCRA Petition, filed 12/27/19, at ¶ 1. The trial court appointed counsel, and following an evidentiary hearing, reinstated Aquino's right to file a direct appeal on March 9, 2020, and gave him 30 days to file a notice of appeal. The court did not reinstate his post-sentence motions rights.

Even though the court did not grant him renewed post-sentence motion rights, Aquino filed a post-sentence motion asking to withdraw his guilty plea. His motion also contended that his sentence for the firearm charge was excessive and unreasonable because the trial court did not consider his rehabilitative needs. **See** Post-Sentence Motion, filed 4/7/20. The trial court denied the motion and Aquino appealed. **See** Order, dated 4/9/20. Although he filed his appeal more than 30 days after the order reinstating his direct appeal rights, we treat the appeal as timely pursuant to the Pennsylvania Supreme Court's April 28, 2020 order extending filing deadlines due to the coronavirus pandemic. **See In re Gen. Statewide Judicial Emergency**, 230 A.3d 1015, 1017 (Pa. 2020) (*per curiam* order).[3]

---

[2] 42 Pa.C.S.A. §§ 9541-9546.

[3] The order provides, in relevant part: "In all events, legal papers or pleadings (other than commencement of actions where statutes of limitations may be in issue) which are required to be filed between March 19, 2020, and May 8, 2020, generally SHALL BE DEEMED to have been filed timely if they are filed by close of business on May 11, 2020." **In re Gen. Statewide Judicial Emergency**, 230 A.3d at 1017.

Aquino presents the following issues:

1. Whether the trial court abused its discretion when it denied [Aquino's] post-sentence motion to withdraw his guilty plea?

2. Whether the trial court abuse[d] its discretion when it imposed a sentence contrary to the fundamental norms underlying the sentencing process when it imposed a sentence without consideration of the factors set forth in 42 Pa.C.S. [§] 9721(B)?

Aquino's Br. at 8 (suggested answers omitted).

In his first issue, Aquino claims that the trial court erroneously denied his request to withdraw his guilty plea. He maintains that the trial court should have granted his request because there was no written guilty plea colloquy and alleges that he did not know that the hearing was for purposes of pleading guilty until he arrived in the courtroom. This claim is meritless as Aquino failed to preserve this issue below, because his post-sentence motion was untimely.

Following the imposition of sentence, a defendant has 10 days to file a post-sentence motion. Pa.R.Crim.P. 720(A)(1). A post-sentence motion filed beyond this deadline is untimely. **See Commonwealth v. Patterson**, 940 A.2d 493, 498 (Pa.Super. 2007). A defendant may ask the trial court for leave to file a post-sentence motion *nunc pro tunc*, but the defendant must seek such relief within 30 days from the imposition of sentence and the court must expressly grant such relief. **Commonwealth v. Capaldi**, 112 A.3d 1242, 1244 (Pa.Super. 2015). In other words, the fact that the trial court may have entertained a late post-sentence motion is insufficient – the trial court must

explicitly grant the defendant permission to file the late post-sentence motion. "The trial court's resolution of the merits of the late post-sentence motion is no substitute for an order expressly granting *nunc pro tunc* relief." ***Commonwealth v. Dreves***, 839 A.2d 1122, 1129 (Pa.Super. 2003) (*en banc*).

Here, Aquino pled guilty on June 10, 2019, and therefore had until June 20, 2019, to file a timely post-sentence motion. After that time, Aquino had until July 10, 2019, to request *nunc pro tunc* relief to file his post-sentence motion. He did not file the instant post-sentence motion until April 7, 2020, and it therefore was patently untimely. The fact that the trial court addressed Aquino's motion does not change our conclusion. ***See Dreves***, 839 A.2d at 1129. The record is clear that Aquino's request for *nunc pro tunc* relief in his PCRA petition was limited solely to his direct appeal rights. Aquino's post-sentence motion is untimely and therefore we do not address the merits of his claim alleging that the trial court erred in denying Aquino's motion to withdraw his plea. ***See Patterson***, 940 A.2d at 498.

Next, Aquino claims that the trial court imposed an excessive sentence when it sentenced him to four to eight years in prison for the firearms offense. He argues that the trial court failed to consider his rehabilitative needs.

Aquino's issue is a challenge to the discretionary aspects of his sentence, and there is no automatic right to appellate review of such a claim. ***See Commonwealth v. Disalvo***, 70 A.3d 900, 902 (Pa.Super. 2013). Rather, before we may consider such a challenge, we must first determine whether:

(1) the appeal is timely; (2) the appellant preserved the issue; (3) the appellant's brief includes a Pa.R.A.P. 2119(f) statement; and (4) the appellant has raised a substantial question. ***See id.*** To preserve a challenge to discretionary aspects of sentence, the defendant must raise the challenge either at the sentencing hearing or in a post-sentence motion. ***Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa.Super. 2005). A failure to do so results in waiver of the issue. ***Id.***

In the instant case, Aquino's appeal is timely but he did not preserve the challenge to his sentence below. He did not challenge his sentence at the sentencing hearing or in a timely post-sentence motion. He therefore has waived review of this issue.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/23/2020