J-S39010-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| STEPHEN M. SLAUGHTER | : | |
| Appellant | : | No. 438 MDA 2023 |

Appeal from the Judgment of Sentence Entered February 8, 2023
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0006180-2019

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| STEPHEN MICHAEL SLAUGHTER | : | |
| Appellant | : | No. 439 MDA 2023 |

Appeal from the Judgment of Sentence Entered February 8, 2023
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0006195-2019

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| STEPHEN MICHA SLAUGHTER | : | |
| Appellant | : | No. 440 MDA 2023 |

Appeal from the Judgment of Sentence Entered February 8, 2023
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0003935-2022

BEFORE:  DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.:          **FILED: DECEMBER 13, 2023**

Appellant, Stephen Slaughter, appeals from the February 8, 2023 Judgments of Sentence entered in the Dauphin County Court of Common Pleas following his convictions by a jury of Terroristic Threats and Simple Assault, charged at Docket Number CP-22-CR-0006180-2019 ("6180-2019"), and his guilty pleas to Knowing and Intentional Possession of a Controlled Substance ("Possession"), Tampering with Physical Evidence, Use of or Possession with Intent to Use Drug Paraphernalia ("Drug Paraphernalia"), and Simple Assault, charged at Docket Numbers CP-22-CR-0006195-2019 ("6195-2019") and CP-22-CR-0003935-2022 ("3935-2022").[1]  Appellant challenges the discretionary aspect of his aggregate sentence.  After careful review, we affirm.[2]

## A.

On December 1, 2019, the Commonwealth charged Appellant with, *inter alia*, Terroristic Threats and Simple Assault at Docket Number 6180-2019 in connection with domestic violence allegations.  On December 12, 2022, Appellant proceeded to a jury trial.  The next day, the jury convicted him of Terroristic Threats and Simple Assault and acquitted him of all other charges.[3]

_____

[1] 18 Pa.C.S. §§ 2706(a)(1), 2701(a)(1); 35 P.S. § 780-113(a)(16), 18 Pa.C.S. § 4910(1); 35 P.S. § 780-113(a)(32); 18 Pa.C.S. §§ 2701(a)(1), respectively.

[2] On May 31, 2023, we granted Appellant's unopposed motion to consolidate these appeals for our disposition.

[3] The jury acquitted Appellant of Criminal Attempt-Arson, Endangering the Welfare of Children, Risking Catastrophe, Unlawful Restraint—Risk of Serious Bodily Injury, Recklessly Endangering Another Person, and Kidnapping.

The court ordered a pre-sentence report and scheduled sentencing for February 8, 2023.

On February 8, 2023, prior to sentencing, the court accepted Appellant's guilty pleas to two counts of Possession, and one count each of Tampering with or Fabricating Physical Evidence and Drug Paraphernalia charged at Docket Number 6180-2019, and one count of Simple Assault charged at Docket Number 3935-2022 charged in connection with another domestic violence situation.[4] The court then proceeded to impose standard range sentences at all three dockets, which resulted in an aggregate term of incarceration of 35 months to 78 months.[5]

---

[4] Appellant also pleaded guilty to two summary Vehicle Code violations at Docket Number 6180-2019 and one count of Criminal Mischief at Docket Number 3935-2022. The court imposed no further penalty on these charges.

[5] Specifically, at Docket Number 6195-2019, the court sentenced Appellant to standard range sentences of 14-30 months of incarceration for Terroristic Threats and 12-24 months of consecutive incarceration for Simple Assault. At docket number 3935-2022, the court sentenced Appellant to a standard range sentence of 9-24 months of incarceration for Simple Assault, to be served consecutive to the sentences imposed at Docket Number 6195-2019. At Docket Number 6180-2019, the court sentenced Appellant to standard range sentences of 12-24 months' incarceration on one count of Possession and 3-12 months' incarceration on the remaining charges, all to be served concurrent to his sentence on Docket Number 6195-2019.

Appellant filed a timely Post-Sentence Motion on February 21, 2023.[6] He sought reconsideration of his sentence, and specifically requested an aggregate sentence of 24-48 months followed by two years of probation on Docket Numbers 6195-2019 and 6180-2019. The court denied the motion on March 2, 2023.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

**B.**

Appellant raises one issue for our review:

> Whether the sentencing court abused its discretion when it sentenced [Appellant] to a series of consecutive sentences resulting in a minimum sentence of 35 months when [Appellant's] rehabilitative needs and the needs of the community at large both weigh in favor of making [Appellant] State Court Drug Treatment eligible but the minimum sentence imposed make that treatment inaccessible to him for nearly an entire year?

Appellant's Br. at 7.[7]

---

[6] February 18, 2023 was the 10th day after Appellant was sentenced. However, February 18-20, 2023 were a Saturday, a Sunday, and Presidents' Day.

[7] Appellant raised a second issue, that the trial court "was biased by argument outside the bounds of the [42 Pa.C.S. § 9721(b)] factors and the resulting sentence is based on inappropriate findings that fail to accurately reflect the gravity of the offenses." Appellant's Br. at 25 (capitalization omitted). However, this issue is waived, as Appellant failed to include it in his Rule 1925(b) statements on any of the three dockets. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement. . .are waived.).

**C.**

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right, and a challenge in this regard is properly viewed as a petition for allowance of appeal.   42 Pa.C.S. § 9781(b); ***Commonwealth v. Tuladziecki***, 522 A.2d 17, 18 (Pa. 1987).  An appellant challenging the discretionary aspects of his sentence must satisfy a four-part test.  We evaluate: (1) whether Appellant filed a timely notice of appeal; (2) whether Appellant preserved the issue at sentencing or in a motion to reconsider and modify sentence; (3) "whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal" pursuant to Pa.R.A.P. 2119(f); and (4) "whether the concise statement raises a substantial question that the sentence is appropriate under the [S]entencing [C]ode." ***Commonwealth v. Carrillo-Diaz***, 64 A.3d 722, 725 (Pa. Super. 2013) (citation omitted).[8]

Here, Appellant has satisfied the first three elements by filing a timely Notice of Appeal, preserving the issue in a Post-Sentence Motion, and including a separate Rule 2119(f) Statement in his Brief to this Court.  Thus, we consider whether Appellant has presented a substantial question for review.

---

[8] An appellant may still challenge the discretionary aspects of his sentence after entering an open guilty plea.  ***Commonwealth v. Dalberto***, 648 A.2d 16, 20 (Pa. Super. 1994) ("[W]here there have been no sentencing restrictions in a plea agreement, the entry of a guilty plea will not preclude a challenge to the discretionary aspects of sentencing.").

An appellant raises a substantial question when he "sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." ***Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa. Super. 2010).

The Sentencing Code requires a sentencing court to consider, when determining a sentence, "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant" along with the sentencing guidelines. 42 Pa.C.S. § 9721(b).

It is well-established "that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." ***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa. Super. 2013) (citation omitted). A claim that the court refused to weigh mitigating factors as an appellant "wished, absent more, does not raise a substantial question." ***Commonwealth v. Moury***, 992 A.2d 162, 175 (Pa. Super. 2010); ***see also Commonwealth v. Zirkle***, 107 A.3d 127, 133 (Pa. Super. 2014).

Moreover, "[t]he imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." ***Moury***, 992 A.2d at 171–72.

**D.**

Appellant claims that the trial court abused its discretion in sentencing him to consecutive sentences that, together, render him ineligible to begin the State Drug Treatment Program ("STDP") immediately. Appellant's Brief at 20-25. Specifically, Appellant argues that, although the sentencing court acknowledged that Appellant needs drug treatment, "he will not be able to treat his substance abuse issues for a significant period of time[,]" and the sentence is, thus, unreasonable. *Id*. at 25.[9]

Appellant has not "set[] forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Crump*, 995 A.2d at 1282. Moreover, in light of the number of convictions and the fact that the court imposed standard range sentences, some of which will be served concurrently, and no further penalty for two convictions, his aggregate sentence of 35 – 78 months does not render his sentence "unduly harsh." *Moury*, 992 A.2d at 171–72.

Further, as Appellant acknowledges, the trial court did consider Appellant's substance abuse as a mitigating factor. *See*, *e.g.*, N.T. Sentencing

---

[9] The sentence imposed does allow Appellant to participate in the state drug treatment program. *See* 204 Pa. Code § 303-12(c) (providing that a defendant is eligible for the state drug treatment program where, *inter alia*, he is sentenced to "a minimum term not more than two years and a maximum term of five years or less; or a minimum term not more than five years and within two years of completing the minimum term." 204 Pa. Code § 303.12(c)(1)(ii).

Hr'g at 15, 18-19 (where sentencing court acknowledges its consideration of Appellant's "drug and alcohol issues, the mental health issues, as well as [his] continued disregard for the law and failure to comply with the law and assaultive behavior that [] has caused different issues with those who you're in relationships with[.]"); *see also id*., at 18-19 (where sentencing court stated: "I don't have say over state drug treatment, but we certainly would recommend [it]."). Appellant's wish that the court weighed this factor differently does not raise a substantial question. *Moury*, 992 A.2d at 175.

**E.**

Because Appellant has failed to present a substantial question, this Court has no jurisdiction to review Appellant's challenge to the discretionary aspects of his sentence.

Judgment of Sentence affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/13/2023